## FAIRCHILD v. LEO.

(Supreme Court, Appellate Division, First Department.  February 2, 1912.)

1. LANDLORD AND TENANT (§ 169*)—NEGLIGENCE OF LANDLORD—COMPLAINT—
DUTY TO PLAINTIFF.

The complaint in an action for intestate's death by falling through a fire escape alleged that defendant owned a tenement house and maintained a clothes dryer on the fire escape, which "was used in common by the tenants of the rear apartments," and that while intestate was "lawfully, properly, and carefully upon and using said fire escape, * * * engaged in hanging clothes" on the dryer, she fell through an opening in the escape, causing her death, and that the opening was permitted in the escape by the defendant's negligence. Held that the complaint did not sufficiently allege any duty owed to intestate by defendant, not alleging that she was a tenant, or the servant of a tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 169.*]

2. NEGLIGENCE (§ 111*)—ACTIONS—ALLEGATIONS OF DUTY.

A general allegation of the complaint in a negligence action that defendant owed plaintiff a particular duty is insufficient.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 182–184; Dec. Dig. § 111.*]

Appeal from Special Term, New York County.

Action by Charles Fairchild, as administrator of Teresa Fairchild, against John P. Leo. From an order denying defendant's motion for judgment on the pleadings, he appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

J. Brewster Roe, for appellant.
Abraham Oberstein, for respondent.

MILLER, J. [1] The complaint alleges that the defendant was the owner and in control of a tenement house occupied by different tenants as a place of abode; that there were fire escapes in the rear of and appurtenant to said premises, under the defendant's charge, care, and control; that, in front of the apartment of one of the defendant's tenants, which was on the second floor, rear, of said premises, there was a clothes dryer, attached to the rear wall, in close proximity and partly attached to the fire escape, which was kept and maintained by the defendant, and was under his direction and control; that it was used in common by the tenants of the rear apartments for the purpose of hanging and drying clothes; that, while the plaintiff's intestate was "lawfully, properly, and carefully upon and using said fire escape, * * * and engaged in hanging clothes on the aforesaid Hill's clothes dryer, * * * she suddenly and without any warning or notice fell into and through a large opening in the said fire escape upon and against a stone platform in the yard below, causing her to sustain injuries which resulted in her death"; that said occurrence was due—

"wholly to the negligence and carelessness of the defendant, in causing and permitting the said fire escape to be and remain in an unsafe, improper,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

unsuitable, and dangerous condition, in causing and permitting the said Hill's clothes dryer to be and remain in close proximity and partly attached to and incumbering the said fire escape, in failing to have the said opening in said fire escape properly or safely guarded or protected, so as to prevent injury to any one lawfully using the said fire escape and the said Hill's clothes dryer appurtenant thereto, in causing and permitting the said opening in the said fire escape to be and remain in close and dangerous proximity to the said Hill's clothes dryer, in violating the provisions of the statute commonly known as the tenement house act of the state of New York, in violating the provisions of the Building Code of the city of New York pertaining to fire escapes, and in other respects in failing to exercise reasonable care, diligence, and prudence in the premises; and that the plaintiff's intestate was entirely free from fault or negligence in the premises on her part."

It is difficult to see how negligence can be predicated upon the failure to guard the opening in the fire escape, to which, of course, free access must be allowed, and which the statute does not permit to be covered. Section 16, Tenement House Law (chapter 9, Laws 1909 [Consol. Laws 1909, c. 61]). However, it may be possible that the attachment of the clothes dryer to the fire escape in such a manner that a person using it might fall through the opening, was either itself negligence or presented a situation calling upon the defendant to exercise some care to prevent such a casualty. It is impossible to determine that question without knowing precisely what the situation was, and it may be that under the averments of negligence above quoted the plaintiff may be able to prove some act or omission constituting negligence. The authorities bearing upon the question as to what constitutes a sufficient averment of negligence are collated, and the rule to be deduced from them is plainly stated, by Mr. Justice Thomas in Pagnillo v. Mack Paving & Construction Company, 142 App. Div. 491, 127 N. Y. Supp. 72. The learned counsel for the appellant virtually concedes that the averments of negligence are sufficient. He states in his brief:

"The question is not whether defendant was guilty of negligence in the construction or maintenance of fire escapes or clothes dryers on the premises, but whether the complaint alleges facts showing that defendant was under any imposed duty to plaintiff's intestate to exercise care in the construction or maintenance of the fire escapes or dryers."

[2] It is undoubtedly the rule that, where a violation of duty is claimed, the existence of the duty or obligation must be shown. It was therefore necessary for the plaintiff to plead facts from which it could be inferred that the defendant owed the plaintiff's intestate some duty with respect to the maintenance of the clothes dryer and fire escape. A general averment that the defendant owed a particular duty, or that the plaintiff's intestate was lawfully on the defendant's premises, would not suffice. City of Buffalo v. Holloway, 7 N. Y. 493, 57 Am. Dec. 550; Petty v. Emery, 96 App. Div. 35, 88 N. Y. Supp. 823. It is averred that the clothes dryer was used in common by the tenants of the rear apartments. It doubtless might be inferred from that averment that the defendant owed a duty to those tenants and their servants to maintain it in a reasonably safe condition. But the complaint nowhere alleges that the plaintiff's intestate was a tenant of one of the rear apartments, or the servant of one

of such tenants. The plaintiff asks us to infer that his intestate was a servant of the tenant in the front of whose apartment the dryer was attached; but there is no fact stated from which that fact is to be inferred, unless we indulge in supposition. If it was the fact, it could easily have been stated; and, while pleadings are liberally construed, it is still necessary that all the essential ultimate facts be stated, so that the court may determine whether, if the statements are true, the plaintiff has a cause of action, and the defendant may be informed of what he is to meet. We cannot supply an essential fact by supposition or guesswork. If the plaintiff's intestate was a mere licensee, the facts stated are insufficient to show that the defendant omitted to perform any duty which he owed her.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.