CHARLES MENDELOWITZ, an Infant, by LOUIS MENDELO-WITZ, His Guardian ad Litem, et al., Respondents, *v.* MARY NEISNER, Appellant.

(Argued December 2, 1931; decided January 5, 1932.)

*F. A. W. Ireland, Emmet M. Taub* and *William C. Fiest* for appellant. The infant plaintiff failed to show the violation of any duty owed to him by the defendant. (*Murtha* v. *Ridley,* 196 App. Div. 61; 232 N. Y. 488; *Jaffy* v. *N. Y. C. R. R. Co.,* 118 Misc. Rep. 147; *Walsh* v. *Fitchburg R. R. Co.,* 145 N. Y. 301; *Aubrey* v. *McCarthy,* 217 App. Div. 492; *Miller* v. *Woodhead,* 104 N. Y. 471; *Bassmajin* v. *Board of Education,* 211 App. Div. 347; *United Zinc & Chemical Co.* v. *Britt,* 258 U. S. 268.)

*Julius S. Berg* for respondents. A landlord of a tenement house must keep the yards and hallways in proper repair and reasonably safe condition, and if he is negligent and a personal injury results to a tenant by reason thereof, he is liable therefor. (*Dollars* v. *Robert,* 130 N. Y. 269; *Palmer* v. *Dearing,* 93 N. Y. 7; *Jennings* v. *Van Schaik,* 108 N. Y. 530; *Peil* v. *Reinhart,* 127 N. Y. 831; *Ahearn* v. *Steele,* 150 N. Y. 203; *Caravan* v. *Stuyvesant,* 27 N. Y. Supp. 413; *Garrett* v. *Somerville,* 98 App. Div. 206; *Hussey* v. *Long Dock R. Co.,* 100 N. J. L. 380; *Peklenk* v. *Isle Royale Copper Co.,* 136 N. W. Rep. 352; *Milton* v. *Holtzman,* 216 S. W. Rep. 828; *Hyman* v. *Barrett,* 224 N. Y. 436; *Sarapin* v. *S. & S. Corrugated Paper Machinery Co.,* 209 App. Div. 377.)

CRANE, J. The defendant was the owner of an apartment house, 814 East One Hundred and Sixtieth street, in the city of New York. Around the building was an alleyway below the surface of the street, reached by descending a flight of steps. The alleyway was formed by the building of the apartment house on one side and a stone retaining wall on the other. The top of this

retaining wall was on a level with the street and abutted onto buildings on adjoining property. The retaining wall was capped or topped by heavy flagstones two feet or more wide forming a walk for those who occasionally used it to enter the rear of stores opening onto this walk. While the defendant owned and maintained this retaining wall, he maintained it for no such purpose and had repeatedly warned children and others away from the alley. Some distance down from the entrance to the alley was a flight of steps leading up to a platform level with the top of the retaining wall. This platform was built and maintained to receive the drop of the fire escape. Persons using the fire escape could drop the ladder onto this platform and thus proceed through the alley to the street. As this platform was on a level with the top of the retaining wall the defendant had constructed a railing across the retaining wall and at right angles to its face so as to prevent people from passing from the platform onto the retaining wall or using the retaining wall. Children frequently played in this alley but had been repeatedly warned by the owner to keep out, that it was no play yard, and was not to be used as such. The plaintiff in this case, a young boy nine years of age, testified that he had been told not to go in there.

One of the capstones on the retaining wall apparently was loose from lack of proper cement. On the 17th day of August, 1927, the plaintiff Charles Mendelowitz, the young boy referred to, wanted some clothes pins which were on the wall. He passed from the alley up the steps onto the platform of the fire escape, climbed the fence and proceeded along the wall, when the defective capstone gave way and he fell into the alley with the capstone on his leg. His injuries have been very severe, resulting in the loss of his leg, and he has recovered a substantial judgment against the defendant for negligence, which has been sustained by a divided court at the Appellate Division.

We are of the opinion that the judgment must be reversed and the complaint dismissed, as the defendant owed no duty to Charles which he failed to fulfill. From the evidence it is quite certain that neither the children playing in the alley nor the adults using the wall as a walk were invitees, either express or implied, of the defendant. He tried to keep them out; he put up rails for this purpose, and repeatedly warned the children, including the plaintiff. The persons using the wall were, therefore, trespassers, not invitees, and to such the defendant owed no duty to maintain this wall in a safe condition for their use as a walk. Where a person goes upon the premises of another without invitation, but simply as a bare licensee, and the owner of the property, passively, acquiesces in his coming, if an injury is sustained by reason of a mere defect in the premises, the owner is not liable for negligence; for such person has taken all the risk upon himself. Such is the law as expressed in *Fox* v. *Warner-Quinlan Asphalt Co.* (204 N. Y. 240, 243) and *Sterger* v. *Van Sicklen* (132 N. Y. 499). Toward mere trespassers or bare licensees the rule is well settled that the only duty owing to them by the owner or occupier of land is to abstain from inflicting intentional, wanton or willful injuries unless he maintains some hidden engine of destruction, such as spring guns or kindred devices, upon his property. (*Weitzmann* v. *Barber Asphalt Co.*, 190 N. Y. 452; *Birch* v. *City of New York*, 190 N. Y. 397.)

The danger in this case was not so apparent, nor the defendant's failure to observe and correct it so blameworthy as to bring him within the principle of the attractive nuisances cases even if those cases could be viewed as law in New York. (*Larmore* v. *Crown Point Iron Co.*, 101 N. Y. 391; *Walsh* v. *Fitchburg Railroad Co.*, 145 N. Y. 301.) The same vigilance in detecting decay that is appropriate and even necessary when the use is lawful is not to be expected or required when the use is unlawful.

The boy in this case was not even a licensee. The

defendant did not acquiesce in his use of the alley or the wall; he expressly forbade their use by the children. What more can an owner do to protect his property or escape liability and yet make reasonable use of his estate in compliance with fire regulations and the like?

That the plaintiff was a tenant in the apartment house did not give him the right nor the license to use those portions of the premises which the landlord had reserved and inclosed for his own purposes. (*Olsen* v. *Fennia Realty Co.*, 246 N. Y. 641.)

We appreciate fully the dangers incident to city life where children are crowded into apartment houses and have no place to play except the streets, sidewalks, yards and vacant lots, and yet the law, above written, has been made with a view likewise to the use which may reasonably be made by owners of property. The courts have tried to be fair to both. The liability must not be so burdensome as to discourage all improvement.

The duty of landowners to trespassers and licensees is covered by the American Law Institute in its Tentative Draft No. 4, Law of Torts, chapter 2, sections 199 to 212, inclusive. Section 209 says:

"A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if

" (a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and

" (b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily injury to, such children."

The comment is: " e. A possessor of land is, under the principles stated in Comment *a*, under a duty to keep so much of his land as he knows to be subject to the trespasses of young children, free from artificial conditions

which involve an unreasonable risk of death or serious bodily injury to them."

This may be more liberal to the injured party than the long line of decisions in this State. However, even within this rule, as stated by the American Law Institute, we think the condition of the wall did not involve an unreasonable risk of death or serious bodily injury which the owner should have realized.

For the reasons here stated, the judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.