REGINO ROSADO, as Administrator, etc., of PHILIP ROSADO, Deceased, Respondent, v. PERCH REALTY CORPORATION, Appellant.

First Department, November 17, 1933.

*Herbert Plaut* of counsel [*Plaut & Davis*, attorneys], for the appellant.

No appearance for the respondent.

MERRELL, J. In the complaint the plaintiff attempts to allege a cause of action against the defendant to recover damages for the negligence of the defendant in causing the death of plaintiff's intestate. Plaintiff, in his complaint, alleges that Philip Rosado, the intestate, was an infant approximately ten years of age and

the son of the plaintiff, and a resident of the county of New York. Plaintiff then alleges the intestacy of his son and the issuance of letters of administration upon his estate to the plaintiff by the Surrogate's Court of New York county, and that the plaintiff duly qualified as such administrator. Plaintiff then alleges the incorporation of the defendant and its ownership, management and control of certain premises designated as No. 114 East One Hundred and Fifteenth street in the county and State of New York, and which premises consisted of a tenement or apartment house, and that the defendant, at all times mentioned in the complaint, controlled the hallways, lobbies and staircases in said building, which were used in common as a sole means of access to and egress from the various apartments of the said building from the adjoining street. In the eighth paragraph of the complaint the plaintiff alleges: " That defendant negligently, recklessly and carelessly permitted and allowed the banisters of the stairways in the said building and particularly the banister of the stairway leading from the fifth to the fourth floor in the said building to fall into a state of gross disrepair and danger and otherwise, to be dangerous to human life and with knowledge and notice of the said dangerous condition to remain in such state." And by the ninth paragraph of the complaint the plaintiff alleges: " That on or about the 16th day of October, 1931, the deceased then being lawfully in the said building, and while carefully and prudently travelling from the fifth floor landing to the fourth floor landing without any fault or negligence on his part or on the part of the plaintiff, his father, and solely by reason of the aforesaid negligence, recklessness and carelessness of the defendant, its agents, servants and /or employees, was precipitated down the areaway to the landing of the said building." In the sixth paragraph of the complaint we find the following allegation: " That at all times hereinafter mentioned, the deceased was a licensee on the aforementioned premises."

We are of the opinion that the plaintiff's intestate, being a bare licensee on the premises at the time it is alleged he received the injuries resulting in his death, the defendant owed no duty to plaintiff's intestate to maintain its premises in a reasonably safe condition. No facts are alleged in the complaint from which it may be inferred that the defendant owed the plaintiff's intestate any duty with respect to the maintenance of the banister in question. (*Fairchild* v. *Leo*, 149 App. Div. 31; *City of Buffalo* v. *Holloway*, 7 N. Y. 493, 498.) The complaint not only contains no allegations of fact showing any duty of care on the part of the defendant toward plaintiff's intestate, but the allegation in the sixth clause of the complaint that the plaintiff's intestate was a licensee on the premises

clearly negatives the existence of any duty of care on the part of the defendant toward plaintiff's intestate. It is the established law in this State that the only duty owed to a mere licensee by the owner of premises upon which he is injured is to refrain from inflicting intentional, wanton or willful injuries. In short, in order to render the owner liable for injuries sustained by a bare licensee as the result of a defect in the premises where he was injured, there must be some act of active negligence on the part of the owner. The owner cannot be held liable in damages for failure to keep its premises in repair. In the recent case of *Mendelowitz* v. *Neisner* (258 N. Y. 181), Judge CRANE, writing for the Court of Appeals (at p. 184), stated the law in the following language: "Where a person goes upon the premises of another without invitation, but simply as a bare licensee, and the owner of the property, passively, acquiesces in his coming, if an injury is sustained by reason of a mere defect in the premises, the owner is not liable for negligence; for such person has taken all the risk upon himself. Such is the law as expressed in *Fox* v. *Warner-Quinlan Asphalt Co.* (204 N. Y. 240, 243) and *Sterger* v. *Van Sicklen* (132 N. Y. 499). Toward mere trespassers or bare licensees the rule is well settled that the only duty owing to them by the owner or occupier of land is to abstain from inflicting intentional, wanton or willful injuries unless he maintains some hidden engine of destruction, such as spring guns or kindred devices, upon his property. (*Weitzmann* v. *Barber Asphalt Co.*, 190 N. Y. 452; *Birch* v. *City of New York*, 190 N. Y. 397.) "

In *Sterger* v. *Van Sicklen* (132 N. Y. 499) the Court of Appeals held that where one enters upon the premises of another as a mere licensee, without any enticement or inducement, he does so at his own risk, and as to him the owner owes no duty of care or vigilance. So, in *Fox* v. *Warner-Quinlan Asphalt Co.* (204 N. Y. 240), Judge WILLARD BARTLETT, writing for the Court of Appeals (at p. 243), stated: "The plaintiff went upon the defendant's land as a bare licensee at best; and the measure of the defendant's obligations to him was that of a landowner to such a licensee.

" The extent of this obligation was accurately stated and fully considered by Judge GRAY in *Cusick* v. *Adams* (115 N. Y. 55. See cases therein cited.) ' The principle is now well settled by repeated adjudications, in this country and in England, that where a person comes upon the premises of another without invitation, but simply as a bare licensee, and the owner of the property, passively, acquiesces in his coming, if an injury is sustained by reason of a mere defect in the premises, the owner is not liable for negligence; for such person has taken all the risk upon himself.' "

We are, therefore, of the opinion that the sixth paragraph of the complaint, alleging that the deceased was a licensee on the premises at the time of receiving his injuries, clearly prevents any recovery by the plaintiff herein.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and defendant's motion to dismiss the complaint granted, with ten dollars costs.

FINCH, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.