WILLIAM CARBONE, JR., an Infant, by WILLIAM CARBONE, SR., His Guardian ad Litem, et al., Appellants-Respondents, *v.* MACKCHIL REALTY CORPORATION et al., Respondents-Appellants.

JOSEPH MUZIO, an Infant, by MICHAEL MUZIO, His Guardian ad Litem, et al., Appellants-Respondents, *v.* MACKCHIL REALTY CORPORATION et al., Respondents-Appellants.

SILVESTA FESTA, JR., an Infant, by SILVESTA FESTA, SR., His Guardian ad Litem, et al., Appellants-Respondents, *v.* MACKCHIL REALTY CORPORATION et al., Respondents-Appellants.

MEMORANDUM BY THE COURT. Defendants have appealed from judgments in favor of the infant plaintiffs in each of the above-entitled actions and also from judgments in favor of their guardians for loss of services and expenses, and from an order denying motions for a new trial.

Defendants were in possession of business property in the city of Mechanicville on which there was a factory. The property was bounded partly by public highways, by private property and by a creek. At one time there was a barn on the property which had been removed but the foundation was permitted to remain. Water was carried from the factory by means of pipes to the creek as a result of which the foundation was undermined. The earth beneath the easterly and westerly walls of the foundation had been washed away. Children had been accustomed to go on the premises for the purpose of passing and repassing and also for their amusement.

On October 16, 1942, the infant plaintiffs were on defendants' property and two of them climbed upon the foundation and the third was about to do so when the wall collapsed, resulting in their injuries. There was evidence from which the jury could find that the infant plaintiffs were licensees. It is undisputed that the defendants knew that children had been accustomed to play on these premises for a long period of time and that defendants also had notice of the dangerous condition of the foundation walls. The jury found that defendants were guilty of affirmative negligence in permitting the dangerous structure to remain on the premises or to take means to remedy it. The evidence sustains the finding of the jury that the defendants were guilty of negligence. (2 Restatement, Torts, § 339, subds. [a], [b], [c], [d]; Comments on § 339, subd. (a); also §§ 341, 342; *Barrett* v. *Brooklyn Heights Railroad Co.*, 188 App. Div. 109, affd. 231 N. Y. 605; *Meek* v. *Corbisello*, 266 App. Div. 1044; *Fedearowicz* v. *City of Amsterdam*, 268 App. Div. 803, affd. 293 N. Y. 814.)

Judgments and orders affirmed, with one bill of costs.

LAWRENCE, J. (dissenting). I dissent.

The problem involves the application of the rule regarding the duty, if any, of the defendants to the injured persons. Counsel are in agreement that the rule of responsibility of the owner of real property is substantially the same whether the injured persons were trespassers or mere gratuitous licensees, and that the only duty of such owner is to refrain from willful and intentional injury. The most favorable view which can be taken of the evidence is that the injured boys were gratuitous licensees. As to them the owner of the premises is only chargeable with acts of affirmative negligence. It owed no duty of active vigilance.

In *Barrett* v. *Brooklyn Heights Railroad Co.* (188 App. Div. 109) the recovery was based on an act of affirmative negligence. The injured plaintiff entered a streetcar to pay the fares of some lady companions. He requested the conductor to stop at the next street crossing. The conductor signalled for such stop. While the car was slowing down the motorman suddenly started it with a jerk. This resulted in the injured person being thrown to the street. In the case at bar the defendants cannot be held to have been guilty of affirmative negligence unless it can be said that the maintenance of the wall in the condition proven, and which collapsed, was an affirmative act and that precautions should have been taken to protect trespassers and mere gratuitous licensees.

In *Haefeli* v. *Woodrich Engineering Co.* (255 N. Y. 442), to which attention

is called, plaintiff's intestate was an invitee or business visitor. Recovery was had because of the faulty construction of the cesspool which plaintiff's intestate was cleaning at the time of the accident.

*Potter* v. *N. Y., O. & W. Ry. Co.* (261 N. Y. 489), to which attention is called, was a case in which the plaintiff's intestate was a business visitor. Death was caused while he was engaged in work upon a trestle and coal chute. Plaintiff recovered at the trial. The Appellate Division reversed and ordered a new trial (233 App. Div. 578). The Court of Appeals affirmed the Appellate Division upon the stipulation by plaintiff for judgment absolute.

In the case at bar the infant plaintiffs were upon the premises for their own purposes. At least two of them had never been there before. There was no invitation either express or implied. There was no consent. Defendants could only be held liable for inactive or passive negligence. In such cases liability should be denied.

In the case of *Mendelowitz* v. *Neisner* (258 N. Y. 181) the facts were quite similar to the facts in the case at bar. In that case the plaintiff, a boy, nine years of age, lived in an apartment house owned by the defendant. He climbed upon a wall on the top of which was a loose flagstone. He fell and was injured. There was a recovery in the trial court. The Appellate Division affirmed by a divided court (233 App. Div. 826). The Court of Appeals dismissed the complaint.

It is suggested by the respondents that there is a trend to relax the rule in *Walsh* v. *Fitchburg Railroad Co.* (145 N. Y. 301) and that this is indicated in the Restatement of the Law of Torts (Vol. 2, § 339). The respondents cite the case of *Bergman* v. *Feitelowitz* (253 App. Div. 323) to sustain that contention. In that case a four-year-old child was playing upon the stoop of a house owned by the defendant and in company with defendant's infant son. They were in the habit of playing there. Upon the side of the stoop there was a projection upon which rested a stone urn or flower pot. This urn was not fastened or cemented to the base. While the infant plaintiff was playing around the urn it toppled and fell, taking the child with it. An injury resulted. The complaint was dismissed at the trial. The Appellate Division reversed upon the theory that the child was an invitee and that the urn should have been securely fastened. A new trial was ordered. The Court of Appeals reversed and affirmed the judgment of the trial court (278 N. Y. 620).

It seems to me that the claimed tendency to enlarge the field of liability, which is suggested by respondents in referring to the Restatement of the Law of Torts, has not been adopted by our courts. (*Simmons* v. *Poughkeepsie Savings Bank*, 282 N. Y. 626; *Breeze* v. *City of New York*, 275 N. Y. 528; *Meyer* v. *Pleshkopf*, 277 N. Y. 576; *Zaia* v. *Lalex Realty Corp.*, 287 N. Y. 689.)

The old foundation wall where the accident occurred was some distance from the highway and seventy-seven feet from the defendants' building. It became defective by the action of the elements and not by any affirmative negligence on the part of the defendants. The defendants simply failed to tear it down. (*Rosado* v. *Perch Realty Corporation*, 239 App. Div. 373.) The wall existed upon the defendants' property. The foundation had been abandoned. Defendants were not required to protect trespassers from injuries caused by it.

The judgments should be reversed and the complaints dismissed.

Hill, P. J., Heffernan and Foster, JJ., concur in decision; Lawrence, J., dissents in opinion; Brewster, J., taking no part.

Judgments and orders affirmed, with one bill of costs.