CAROLYN TRAUB et al., Respondents, *v.* GEORGE LIEKEFET et al., Appellants.

First Department, June 26, 1956.

*Archie B. Morrison* of counsel (*Robert A. Dwyer* and *Patrick D. Warren* with him on the brief; *William S. O'Connor*, attorney), for appellants.

*John V. Higgins* of counsel (*O'Neill, Higgins & Latto*, attorneys), for respondents.

*Per Curiam.* This is an appeal by defendants from a judgment in favor of the plaintiffs in the sum of $3,200 and $1,800, respectively. The gravamen of plaintiffs' complaint was that the defendants maintained a dangerous condition which consisted of a loose rug on a slippery floor in a vestibule of defendants' one-family house.

It appears from the testimony that the plaintiffs, guests of defendants, entered the premises by means of a side entrance. The doorway opened into a three- by five-foot vestibule with a linoleum floor almost completely covered by a loose rug. At a point one half the length of the vestibule was a door leading into the kitchen and at the end of the vestibule a flight of stairs leading to the cellar. There is no claim that the steps constituted a dangerous condition or that they contributed to the accident.

Plaintiff wife testified that she walked a few feet forward in the vestibule when the rug slipped from under her feet and she fell down the stairs. Plaintiff husband testified that he was in the vestibule — but not on the rug — one foot or less behind his wife, when he saw the rug slip out from under her feet, precipitating her down the stairs. Another witness testified that she was in the vestibule at the time with the plaintiffs and that the rug did not move or jerk. From this testimony and the exhibits if the husband was a foot or less behind the wife in the vestibule he must have been on the rug when she fell. Accepting this, the accident could not have happened as plaintiff wife testified. There was no testimony that the floor was waxed or that any preparation was applied to it.

The sole issue presented is whether the evidence established that a dangerous condition or trap was created by defendants. There is no evidence to sustain this theory.

Plaintiff was a licensee and took the premises as she found them. (*Mendelowitz* v. *Neisner*, 258 N. Y. 181; *Roth* v. *Prudential Life Ins. Co.*, 266 App. Div. 872.) The defendants owed plaintiff a duty only to exercise reasonable care to disclose to

her any dangerous defect known to defendants (*Bernal* v. *Baptist Fresh Air Home Soc.*, 275 App. Div. 88, 96).

On the facts presented the loose rug on the linoleum floor did not constitute a dangerous condition of which defendants were obliged to warn social guests. There is no contention that the defendants were actively negligent nor any proof thereof.

According to plaintiff the most favorable inferences deducible from the evidence submitted at the trial, there is a defect of proof and we hold as a matter of law that the evidence would be insufficient to support a verdict in her favor. (*Strasberg* v. *Equitable Life Assur. Soc.*, 281 App. Div. 9; *McDonald* v. *Metropolitan St. Ry. Co.*, 167 N. Y. 66.)

The judgment should be unanimously reversed on the law, with costs, and the complaint dismissed.

PECK, P. J., BREITEL, FRANK, VALENTE and BERGAN, JJ., concur.

Judgment unanimously reversed, with costs, and judgment is directed to be entered in favor of the defendants dismissing the complaint herein, with costs.