■ ANTOINETTE SCRO, Respondent, et al., Plaintiff, v. IMPERIAL APPLIANCE CORP., Appellant, et al., Defendant.— Judgment so far as appealed from unanimously reversed, on the law and on the facts, and the complaint dismissed, with costs. As the trial court properly held, plaintiff was at most a licensee on appellant's property. Hence, the only duty owed to plaintiff was to abstain from inflicting intentional, willful or wanton injury. (*Mendelowitz* v. *Neisner*, 258 N. Y. 181; *Carbone* v. *Mackchil Realty Corp.*, 296 N. Y. 154, 158–159; *Lo Casto* v. *Long Is. R. R. Co.*, 6 N Y 2d 470, 474.) Even assuming that the alleged slamming of the door was the proximate and foreseeable cause of the glass falling some minutes later, that did not constitute such an intentional or willful act as to make appellant liable to a mere licensee. Moreover, since the plaintiff was aware of the broken glass on the door and saw the man slam the door, her sitting down on the step in front of the door immediately thereafter made her guilty of contributory negligence. In view of the foregoing, it becomes unnecessary to consider the claimed error in permitting plaintiff to conform the pleadings to the proof whereby, as appellant urges, the theory of recovery was completely changed from that set forth in the pleadings. Concur — Rabin, J. P., Valente, McNally, Stevens and Bergan, JJ.