■ MICHAEL CASTELLA, an Infant, by His Guardian ad Litem, HELEN CASTELLA, et al., Respondents, v. CARISTO CONSTRUCTION CORP. et al., Appellants-Respondents, and ROCKAWAY BOULEVARD WRECKING & LUMBER CO., INC., Appellant.— Judgment in favor of plaintiffs against the defendants, unanimously reversed, upon the law and upon the facts, and the complaint is dismissed, with costs to defendants-appellants. In view of that disposition, the judgment insofar as it grants judgment in favor of defendant Caristo Construction Corp. on its cross claim against defendant Rockaway Boulevard Wrecking & Lumber Co. and grants judgment in favor of the City of New York on its cross claim against the other two defendants, is reversed, on the law, and the cross claims are dismissed, without costs. Having condemned certain properties on West 50th Street for the purpose of erecting a new school thereon, the City of New York engaged Caristo Construction Corp. as the general contractor of the project. Caristo in turn had contracted with defendant Rockaway to demolish the existing structures. Many of the buildings had been razed; but on February 13, 1956, there were still standing the tenements known as 412 and 414 West 50th Street. The front doors had been removed from these buildings. For about a week before that date, the infant plaintiff, who was then 11 years old, and five of his friends had been playing in No. 412 and had established a "club" in a back room. On February 13, when plaintiff and his friends returned to their clubroom at about 1:30 P.M., they found it had been pre-empted by some older boys from 49th Street, who chased plaintiff and his entourage onto the roof of the premises. Plaintiff, followed by his friends, crossed over to the roof of No. 414 and entered that building through the skylight. The infant plaintiff, preceding the rest, descended the stairs to look for another room, and was injured when a piece of banister fell, striking him on the hand and causing the injuries for which the suit was brought. Plaintiff's twin brother, Eddie, who had accompanied plaintiff into the premises, testified that he, Eddie, had tripped on a piece of wood while on the fourth landing of the stairwell and had fallen against the banister, breaking it and causing it to fall downstairs. The record establishes that defendants should have known that children were likely to trespass in the premises and that inadequate precautions were taken to prevent such trespasses. However, the responsibility of an owner of property to a trespasser or to a licensee is to refrain from inflicting intentional, wanton or willful injury. A mere defect in the premises that

causes injury will not render an owner liable. (*Mendelowitz* v. *Neisner*, 258 N. Y. 181.) Hence, in order to recover the infant plaintiff — concededly a trespasser — was required to establish the creation of some inherently dangerous condition. (See *Mayer* v. *Temple Props.*, 307 N. Y. 559.) However, there is a total absence of proof as to the reason for the collapse of the banister. There is no showing whether it broke because of some extrinsic weakening wrought by the subcontractor's employees in the course of demolition or whether it was some latent, inherent defect which caused it to collapse at the unfortuitous moment when plaintiff's brother fell against it. Hence, in the absence of any proof of conduct on the part of the defendants which created the condition which resulted in the plaintiff's injury there could be no legal recovery against defendants. And this is particularly true since there was not even an attempt to prove notice on the part of the defendants of any dangerous condition. The complaint should therefore have been dismissed. Since plaintiffs did not establish a cause of action, it is unnecessary to consider the contentions of the defendants as to the cross claims which were sustained. The judgment as to such cross claims automatically fall with the vacatur of the judgment in favor of plaintiffs. Concur — Valente, J. P., McNally, Stevens, Eager and Noonan, JJ.