ARTHUR DUNNIER, an Infant, by ARTHUR L. DUNNIER, His Guardian ad Litem, et al., Appellants, *v.* KENNETH C. DOOLITTLE, Doing Business under the Name of LAUREL BOWLODROME, et al., Respondents.

Third Department, August 1, 1961.

*Peter N. Buono* and *John M. Rennell* for appellants.

*Smith & Sovik* (*Martin F. Kendrick* of counsel), for Archam Kradjian and another, respondents.

*Levene, Gouldin & Thompson* (*Carlton F. Thompson* of counsel), for Kenneth C. Doolittle, respondent.

REYNOLDS, J. At about 7:30 P.M. on September 24, 1957 infant appellant, then 13 years of age, and a friend gained access to the roof of the Laurel Bowlodrome in Binghamton some 15 to 18 feet above the ground by climbing an adjacent shed on property adjoining the bowling alley premises. While on the roof appellant noticed that a door leading to a room housing the ventilating exhaust fan for the bowling alley was open. Upon stepping inside the room some loose planking tilted under his weight and appellant was thrown against one of the ventilating fans injuring his arm. Respondents were aware that on previous occasions children had gained access to the roof. It is well settled in New York that an infant trespasser or bare licensee is owed no greater care by an owner of real property than is an adult of the same status (*Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301; *Carbone* v. *Mackchil Realty Corp.*, 296 N. Y. 154). Thus the only duty respondents owed infant appellant was to refrain from inflicting intentional or wanton injury upon him (*Mendelowitz* v. *Neisner*, 258 N. Y. 181). Appellants assert that their complaint should be sustained on the authority of *Mayer* v. *Temple Props.* (307 N. Y. 559). We do not feel that this case changes the law in New York with respect to the duty owed by an owner of real property to an infant trespasser but merely reiterates the long-standing rule applicable to both adults and infants that an owner owes a duty even to a trespasser to refrain from acts of affirmative negligence which results in a trap or dangerous instrumentality. In *Mayer* a 12-year-old child fell through a hoist space 50 feet deep which was covered with a flimsy plank insufficient to sustain his weight. The accident occurred in a congested area of New York City and defendant

had knowledge that children regularly climbed under its gates and played about the platform leading to the hoist space which was only three and one-half feet off the ground and accessible by a permanent ladder. Under these factual circumstances the Court of Appeals held that a trap existed due to the affirmative negligence of the defendants in improperly covering the dangerous hoist space. We do not feel that the facts in the instant case warrant the finding of an affirmatively created trap as found by the Court of Appeals in *Mayer*. Inherent in the *Mayer* decision is the proposition that access to the dangerous hoist space was allowed to continue despite the ease of prevention. In the instant case while respondents were apparently aware that children occasionally played on the roof, the fact that the roof was 15 to 18 feet from the ground and accessible only by climbing from a shed not on respondents' property and over which they had no control does not support the type of general accessibility required by *Mayer*. Further, inherent in the concept of a trap is a deceptive appearance of safety plus the concomitant existence of danger as aptly illustrated in *Mayer* by the placing of flimsy orange crating over a 50-foot hoist space. In the instant case there was no deceptive illusion of safety presented in the ventilating room, in fact infant appellant's own cautious approach in entering the room indicated that he was aware of possible danger. Respondent could not be expected to have maintained a relatively unused room in better condition. Additionally the extreme danger of possible severe personal injury is not present here as in *Mayer*.

The order and judgment should be affirmed, without costs.

BERGAN, P. J., GIBSON, HERLIHY and TAYLOR, JJ., concur.

Order and judgment affirmed, without costs.