■ HOWARD A. GOLDSTEIN, by SIDNEY GOLDSTEIN, His Guardian ad Litem, et al., Respondents, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 23, TOWN OF HEMPSTEAD, Defendant, and SUPRINA'S SPORTLAND, INC., Appellant.— In a negligence action, defendant Suprina's Sportland, Inc. appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County, entered March 22, 1965 upon a jury verdict as awarded damages to the plaintiffs against it. Judgment, insofar as appealed from, reversed on the law and the facts, without costs, and complaint dismissed. On May 29, 1961, defendant Suprina's Sportland, Inc., was engaged in installing certain playground equipment on the grounds of the Forest Lake School in Wantagh. One of the pieces of equipment to be installed was a horizontal ladder, consisting of a ladder portion approximately 12 feet long, held in the air by two risers approximately 8 feet long. The horizontal ladder weighed between 250 and 300 pounds. When Suprina's employees finished work on May 29, the horizontal ladder and other playground equipment had been assembled and holes had been dug for their installation. The ladder was lying on its side on the grass at the place where it was to be installed. The following day, May 30, was Memorial Day, and the children did not attend school, nor did Suprina's employees work. On that day, the infant plaintiff, 8 years old, went to the area where the playground equipment was being installed. A number of other children were in the area and the infant plain-

tiff, together with 5 to 7 other children, attempted to lift the horizontal ladder to an erect position. They managed to raise the ladder to a certain height but it fell back and injured the infant plaintiff. The infant plaintiff was a licensee upon the school property and took the premises as he found them (*Krause* v. *Alper,* 4 N Y 2d 518, 520). Defendant owed him no greater duty than to avoid the maintenance of traps, hidden dangers, or wanton or reckless conduct (*Carbone* v. *Mackchil Realty Corp.,* 296 N. Y. 154, 159; *Mendelowitz* v. *Neisner,* 258 N. Y. 181, 184; *Cesario* v. *Chiapparine,* 21 A D 2d 272, 277). The affirmative creation of a trap or the maintenance of an inherently dangerous article without exercising a high degree of care to prevent foreseeable injury to others is the equivalent of a willful, wanton or intentional act (*Beauchamp* v. *New York City Housing Auth.,* 12 N Y 2d 400, 405). The horizontal ladder, lying on the grass, was not an inherently dangerous article and, in our opinion, plaintiffs' evidence was insufficient as a matter of law to show the affirmative creation of a trap or its equivalent (cf. *MacKinnon* v. *Hendrickson Bros.,* 22 A D 2d 891). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.