Walter R. Hart, J.
Plaintiff’s complaint as well as the so-called third-party complaint of the defendant K. Ginsburg, Inc., are sought to be dismissed for legal insufficiency: the original defendants also seek to correct the complaint for indefiniteness and obscurity pursuant to rule 102 of the Rules of Civil Practice and to strike out designated paragraphs for irrelevancy and impertinency pursuant to rule 103 of the Rules of Civil Practice.
Plaintiff’s complaint alleges in substance that for almost all of his adult life he was continuously employed in the imitation stone business, which is concentrated in a small area in New York City; that for many years prior to the date of the complained-of occurrences he had been employed by the corporate defendant Ginsburg, of which the individual defendants Ginsburg are the principal stockholders, officers and directors; that plaintiff had acquired a good reputation in that industry for capability, honesty and integrity and that absent such reputation it is extremely difficult to continue association (employment) in said business.
It is further alleged " that, for many years prior to April 16, 1956, corporate defendant (with knowledge of defendants Ginsburg) and defendant Seidenberg engaged in transactions (between them) in their said respective businesses, whereby they exchanged imitation stones; and upon information and belief, as to said transactions, said defendants in their respective books and records kept incident to their respective businesses, either made false entries or failed to make any entries ” (paragraph “11” of plaintiff’s complaint).
Plaintiff further alleges that defendant Seidenberg was adjudicated a bankrupt and that in those proceedings Seidenberg’s creditors claimed that the corporate defendant Ginsburg and Seidenberg had disposed of and diverted certain of the bankrupt’s assets with intent to defraud the latter’s creditors; that both said Ginsburg and Seidenberg failed to make any entries or made false entries of the exchanged transactions between them.
The complaint also alleges that since February, 1956 defendants and others, with knowledge of the matters previously alleged, conspired: to create, the impression among Seidenberg’s creditors and others in the imitation stone business *138 that there were no irregularities in the books of the corporate defendant Ginsburg; to cause creditors of Seidenberg and others to believe that plaintiff, “ for his own account [corruptly and furtively] and defendant Seidenberg ” had engaged in transactions as a result of which assets of Seidenberg and of the corporate defendant Ginsburg were diverted and disposed of with intent to defraud creditors of both said defendants; and to cause plaintiff to be shunned by Seidenberg’s creditors and others and thus preclude a fair consideration of the said impression caused to be created by defendants.
Plaintiff sets forth the commission of certain overt acts by the defendants to carry out the alleged conspiracy as follows: To state and circulate rumors that plaintiff was dishonest and faithless while in the employ of the defendant Ginsburg, for which he was discharged; to state, assert and circulate rumors that plaintiff, for Ms own account [corruptly and furtively] and defendant Ginsburg engaged in transactions, as a result of which assets of Seidenberg and of the corporate defendant Ginsburg were diverted and disposed of with the intent to defraud creditors of both said defendants; to state, assert and circulate rumors that plaintiff had fled the jurisdiction of the bankruptcy court; that Seidenberg at a meeting of Ms creditors and elsewhere stated [when not under oath] that he and plaintiff engaged in various transactions whereby imitation stones, the property of the corporate defendant, were delivered to Seidenberg who paid plaintiff, for Ms own account, in cash therefor; caused defendant Seidenberg [when under oath] at examinations in his bankruptcy proceedings, to refuse to answer question's as to Ms alleged transactions with plaintiff or as to transactions with the corporate defendant on the ground that such answers might degrade or incriminate him; caused allegations to be made in a petition filed in the Seidenberg bankruptcy proceedings that defendant Seidenberg had received substantial quantities of merchandise from plaintiff, thereafter sold by defendant Seidenberg at inadequate prices, and caused and ordered to be entered on said petition requiring plaintiff and another to appear for examination concerning the acts, conduct and property of the bankrupt.
Then plaintiff’s complaint alleges that all of said statements and rumors caused to be made and circulated by the defendants were and are false and known by defendants to be false, whereas in truth and in fact plaintiff was honest and faithful; that plaintiff had not carried on any transactions with defendant Seidenberg except those which plaintiff assumed to be in the *139 regular course of his employment, with full knowledge of his employer and Seideriberg; that plaintiff had not fled the jurisdiction of the bankruptcy court; and that plaintiff was discharged by the corporate defendant in pursuance of the design and conspiracy of the defendants.
Finally the complaint alleges: ‘ ‘ That, plaintiff by reason of defendant’s said conduct was caused to suffer mental pain and anguish, and he was damaged in his reputation for capability, honesty and integrity personally and in the imitation stone business, and he was damaged in his friendly and open access to persons in the imitation stone business, and he has been shunned by persons in the imitation stone business ”; and that by reason of the premises plaintiff has been damaged in the sum of $150,000.
The answer of the corporate defendant Grinsburg consists of a general denial and new matter in which it characterizes itself as a third-party plaintiff and seeks to implead plaintiff Kaplan, defendant Seidenberg and others as so-called third-party defendants to recover damages by way of counterclaims for the alleged conversion of “ portions of a certain inventory of rhinestones and imitation glass stones.” This pleading is also sought to be dismissed for legal insufficiency and on other grounds.
Considering first the motions addressed to the sufficiency of the main complaint, it is apparent it violates a cardinal principle of pleading in that it does not contain a plain and concise statement of the material facts, without unnecessary repetition, upon which the plaintiff relies rather than the evidence upon which they ought to be proved (Civ. Prac. Act, § 241). It is so prolix and obscure as to make it difficult to determine the nature of the cause or causes of action attempted to be asserted. It is patently insufficient to set forth a cause of action in slander or libel because the defamatory words allegedly spoken or written of plaintiff are not set forth. Setting forth the tenor or effect of them is insufficient. (Crowell v. Schneider, 165 App. Div. 690; Locke v. Benton & Bowles, Inc., 253 App. Div. 369; Munzer v. Blaisdell, 268 App. Div. 9.)
Plaintiff urges that the complaint alleges a ‘‘ prima facie tort.” That this contention is untenable may be readily seen from a reading of Knapp Engraving Co. v. Keystone Photo Engraving Corp. (1 A D 2d 170, 171-172):
‘‘ Keystone, while contending that the gravamen of the first counterclaim is the malicious circulation of false and defamatory information, does not allege the false and defamatory *140 information in haec verba, or set forth special damages (see Al Raschid v. News Syndicate Co., 265 N. Y. 1, and Locke v. Benton & Bowles, 253 App. Div. 369).
“ It attempts to justify the omission of these conventional tort requirements on the ground that the counterclaim should be regarded as a ‘ prima facie tort \ A cause of action, however, must be judged by its allegations, not its label. A prima facie tort derives from the ancient form of action on the case, covering those situations where intentional harm has been inflicted, resulting in damage, by an act or series of acts which might otherwise be lawful and which do not fall within the categories of traditional tort actions (Aikens v. Wisconsin, 195 U. S. 194; Opera on Tour v. Weber, 285 N. Y. 348; American Guild of Musical Artists v. Petrillo, 286 N. Y. 226; Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79; Brandt v. Winchell, 283 App. Div. 338, amended complaint dismissed 286 App. Div. 249).
“ In Ruza v. Ruza (286 App. Div. 767, 770) we recently said that ‘ where specific torts account for all the damages sustained, whether provable as general damages or pleadable and provable as special damages, prima facie tort does not lie. ’ If, as could be inferred from a reading of the first counterclaim, Keystone was damaged by plaintiff’s fraudulent misrepresentations and campaign of defamation, it can recover all the damages afforded by the law through the medium of the so-called ‘ traditional remedies ’. But its causes of action must be properly pleaded, meeting the well-grooved requirements. If it intends to rely on prima facie tort, consisting of the disclosure of factually accurate and legally obtained information, secured and disseminated for the purpose of maliciously causing it injury, then its pleading should conform to the norms enunciated in the Brandt v. Winchell cases (supra).”
The complaint is dismissed for insufficiency with leave to plead over. Such disposition renders it unnecessary to pass upon the applications for alternative corrective relief sought under rules 102 and 103.
With respect to the corporate defendant Gfinsburg’s so-called third-party complaint, suffice it to say that said defendant concedes that it does not intend to implead the various other defendants, pursuant to section 193-a of the Civil Practice Act to be indemnified for a “ claim over ” but seeks to assert counterclaims against the plaintiff along with others not parties to the main action, pursuant to section 271 of the Civil Practice Act. If such be plaintiff’s purpose, it is incorrect to characterize the attempted impleader as a “ third-party complaint,” *141 but to assert such facts as may be legally interposable as counterclaims to the action set forth in the complaint eventually to be served.
In the light of the foregoing, the three motions under consideration are disposed of as follows:
(1) Motion by defendant Ginsburg to dismiss plaintiff’s complaint is granted with leave to plaintiff to plead over within 20 days; the alternative motion under rules 102 and 103 of the Rules of Civil Practice is denied as academic.
(2) Motion by defendant Seidenberg is granted to the extent of dismissing plaintiff’s complaint with leave to plead over within 20 days; the alternative motion under rules 102 and 103 of the Rules of Civil Practice is denied as academic; that part of defendant Seidenberg’s motion to dismiss defendant Ginsburg’s so-called third-party complaint is granted with leave to plead over as a counterclaim.
(3) Motion by the so-called third-party defendants North Eastern Mercantile Corporation, Fritz Lowenthal and Walter Lowenthal to dismiss Ginsburg’s “third-party complaint” is granted.
Settle orders on notice. .