Louis L. Friedman, J.
K. Ginsburg, Inc., the corporate defendant herein, and the two individual Ginsburg defendants, move to dismiss the amended complaint herein pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, on the ground of legal insufficiency; or in the alternative, move pursuant to subdivision 1 of rule 102 of the Rules, that the plaintiff be required to serve a second amended complaint, making the complaint more definite and certain. The fourth defendant, Isidore Seidenberg, similarly moves for the same relief.
The original complaint setting forth one cause of action was dismissed for legal insufficiency (7 Misc 2d 136). The court stated that the original pleading did not contain a plain and concise statement of the material facts as required by section 241 of the Civil Practice Act and was “ so prolix and obscure as to make it difficult to determine the nature of the cause or causes of action attempted to be asserted”; and further held that it did not set forth a cause of action in slander or libel because the defamatory words allegedly spoken or written of plaintiff were not set forth; nor did it properly plead a prima facie tort.
The amended complaint now under attack attempts to set forth three causes of action: the first, against all the defendants, on the theory of a prima facie tort; the second, against the defendants Ginsburg, for slander; and the third, against the defendant Seidenberg, for slander.
The first cause of action, with only slight changes in language and renumbering of certain paragraphs, is substantially a repetition of the complaint heretofore dismissed. It is still obscure and prolix. The defects of the original complaint have not been cured by the additional allegation that the individual defendants caused plaintiff to be discharged by the corporate defendant, because it is so intermingled with the allegations *280 of the traditional tort of defamation as to make the pleading improper (Brandt v. Winchell, 283 App. Div. 338, 342). Nor is the defect cured by the allegations in paragraph 16 of the amended complaint to the effect that defendants knew that their false statements in the bankruptcy proceedings were not actionable in defamation because of privilege. The plaintiff cannot circumvent the privilege accorded to statements made in the bankruptcy proceedings by instituting his action on the theory of a prima facie tort (see Lucci v. Engel, 73 N. Y. S. 2d 73, 80).
Furthermore, there is a failure to plead special damages requisite in an action predicated on a prima facie tort (Knapp Engraving Co. v. Keystone Photo Engraving Corp., 1 A D 2d 170). Such requirements are not satisfied by the mere general allegations of the amended complaint that plaintiff’s reputation has been destroyed and that he can no longer engage in the industry (Hartmann v. Winchell, 296 N. Y. 296, 298). As presently alleged, the damages claimed by the plaintiff are general in nature and are left to the realm of speculation (see Levine v. Teitler, N. Y. L. J., Aug. 1, 1956, p. 4, col. 3).
The second cause of action against the defendants Grinsburg pleads a slander by said defendants, based on the following words: “he [meaning plaintiff] removed merchandise [meaning imitation stones] of our [meaning corporate defendant] business and delivered such merchandise to Seidenberg [meaning defendant Seidenberg] who gave him [meaning plaintiff] cash [meaning currency] for such merchandise and we [meaning corporate defendant and defendants Grinsburg] knew nothing about this.” It is further alleged that such words were false and caused plaintiff “ to suffer pain and anguish and he had [sic] been damaged in his good name and reputation in the imitation stone business.”
The court holds that the quoted words are slanderous per se. The ordinary import of the words used impute an act of larceny and therefore plaintiff is not required to plead any innuendo or special damages (Turton v. New York Recorder Co., 144 N. Y. 144; Balabanoff v. Hearst Consolidated Pub., 294 N. Y. 351, 356). This cause of action is legally sufficient.
The third cause of action against defendant Seidenberg pleads a slander predicated on the following allegedly false statement: ‘ ‘ he [meaning plaintiff] delivered merchandise [meaning imitation stones] from Grinsburg [meaning corporate defendant] to me [meaning defendant Seidenberg] and I [meaning defendant Seidenberg] gave him [meaning plaintiff] cash [meaning cur *281 reney] which he [meaning plaintiff] pocketed for himself [meaning plaintiff].” These quoted words are also slanderous per se, and the pleading is accordingly legally sufficient without the allegation of special damages.
Defendants are, however, entitled to the corrective relief sought. Neither the second nor the third cause of action is sufficiently definite and certain with respect to the time and place of the publication of the slander (Candiloro v. Spaulding, 134 N. Y. S. 2d 895, 896; Szwarce v. Buenaventura, 82 N. Y. S. 2d 292, 293), and plaintiff will be required in his second amended complaint to restate such causes of action and to make them more definite and certain as aforesaid.
Both motions to dismiss the first cause of action for legal insufficiency are therefore granted, with leave to plaintiff to serve a second amended complaint making the allegations of said cause of action more definite and certain, and separating the allegations appropriate to a traditional tort from those appropriate to a prima facie tort. With respect to the motions as they affect the second and third causes of action, they are denied under rule 106, but so much of the motions as prays for relief under rule 102 is granted and the plaintiff will be required to make the second and third causes of action more definite and certain, as hereinbefore indicated. The second amended complaint may be served within 20 days after the service upon plaintiff’s attorney of a copy of the order to be entered herein, with notice of entry thereof.
Defendant Seidenberg also moves for additional relief, under rule 103 of the Rules of Civil Practice, to strike out certain paragraphs on the ground that the matters are irrelevant, redundant, repetitious, unnecessary, impertinent and scandalous and tend to embarrass, prejudice or delay the fair trial of this action. That prayer for relief is denied.
Settle orders on notice.