Jacob J. Schwartzwald, J.
The corporate and individual defendants Ginsburg and also the defendant Seidenberg separately move to dismiss each of the three causes of action alleged in the second amended complaint for legal insufficiency (Rules Civ. Prac., rule 106, subd. 4) or in the alternative for regulatory relief (Rules Civ. Prac., rules 102, 103).
The original complaint contained a single cause of action. It was dismissed for insufficiency with leave to plead over (Kaplan v. K. Ginsburg, Inc., 7 Misc 2d 136).
Plaintiff then served an amended complaint containing three causes of action. The first cause of action framed on the theory of prima facie tort was also dismissed for insufficiency with *725 leave to plead over. The second and third causes of action charging slander of plaintiff were not dismissed but plaintiff was directed to serve a second amended complaint making said causes of action more definite and certain with respect to the time and place of the publication of the slander. (Kaplan v. K. Ginsburg, Inc., 7 Misc 2d 278.)
The allegations of the first cause of action of the pleading under attack may be summarized as follows:
The individual defendants Ginsburg dominate and control the corporate defendant Ginsburg, which is in the imitation stone business and which employed plaintiff. Defendant Seidenberg was engaged in the same business (a closely kni't business in a concentrated area in New York City). For most of plaintiff’s adult life, acting as an employee in this business had been his only means of livelihood and he had earned a good reputation in it. The corporate defendant and defendant Seidenberg engaged in transactions whereby they exchanged imitation stones.
An involuntary petition in bankruptcy was filed against Seidenberg, and he was duly adjudicated a bankrupt. In the bankruptcy proceedings, the bankrupt’s creditors claimed that he had disposed of assets with intent to defraud his creditors and that he, with like intent, and the corporate defendant had, with regard to the exchange transactions, either made false entries or no entries in their respective books.
Defendants conspired ‘4 to intentionally harm and injure plaintiff by destroying his then and his potential future association with the imitation stone business.” -
Pursuant to such conspiracy defendants caused Seidenberg to state in the bankruptcy proceedings that he and plaintiff had engaged in transactions whereby the corporate defendant’s merchandise was delivered to defendant Seidenberg on payment in currency to plaintiff for his own account; caused the corporate defendant to assert that Seidenberg sold said stones below cost and that plaintiff denied engaging in any such transaction; caused an order to be entered in the bankruptcy proceedings for plaintiff’s examination; caused defendant Seidenberg when examined to plead the Fifth Amendment; caused plaintiff to be discharged from his employment with corporate defendant; and caused plaintiff to be 44 casually and superficially examined ”.
It is further alleged that defendants knew that the acts referred to would be publicized in the business; that such acts would create the impression in the industry: (a) that plaintiff had sold the corporate defendant’s merchandise for his own *726 account; (b) that plaintiff had co-operated with defendant Seidenberg in defrauding the latter’s creditors as well as the creditors of the corporate defendant; and (c) that plaintiff was entirely lacking in honesty and integrity and should be shunned; that defendants did actually accomplish their sole purpose of injuring plaintiff, his reputation, his friendly access to persons in the industry and that his then and future association with the industry was completely destroyed; that he was shunned in the industry and was permanently prevented from earning a livelihood in the business.
Plaintiff then alleges that he had earned an average of $10,000 a year in the business and that his prospective earnings in said business would have been at least at an average of $10,000 a year but for the defendants’ alleged acts, all to his damage in the sum of $150,000.
Liberally construing, as we must on a motion of this character, the allegations of the second amended complaint (Cly. Prac. Act, § 275) it is my view that the first cause of action, inartistically as it is drawn, alleges sufficient facts constituting a prima facie tort within the purview of such cases as Brandt v. Winchell (283 App. Div. 338); Knapp Engraving Co. v. Keystone Photo Engraving Corp. (1 A D 2d 170); Ruza v. Ruza (286 App. Div. 767); Gale v. Ryan (263 App. Div. 76); Ledwith v. International Paper Co. (271 App. Div. 864, affg. 64 F. Y. S. 2d 810); and Beardsley v. Kilmer (236 N. Y. 80, 90).
I find no merit to the further objections that plaintiff has failed to properly plead special damages (see Sheppard v. Coopers’, Inc., 156 N. Y. S. 2d 391, 395, affd. 2 A D 2d 881) or that the pleading contains allegations which should be stricken out under rule 103 of the Rules of Civil Practice.
Accordingly, both motions addressed to the first cause of action of this second amended complaint are denied in all respects.
As to the allegations of the second and third causes of action for slander, which I find to be legally sufficient, the only question is whether these are now sufficiently definite and certain. In attempting to comply with this court’s prior order (7 Mise 2d 281) with respect to specifying the time and place of the alleged slanderous statements, plaintiff alleges that the defamatory words were spoken 11 in and about March and April of 1956 at a meeting of various persons engaged in the imitation stone business, in Manhattan, Few York City ”.
The foregoing allegations are still indefinite and uncertain. If plaintiff intends to claim that the slanderous words were uttered both in March and in April, each utterance would be a *727 separate publication, and should be pleaded as a separate cause of action. In the light of all the circumstances herein it becomes necessary for the defendants to determine whether the plea of the Statute of Limitations is available to them. Plaintiff should also state more definitely the place of the occurrence. (See Candiloro v. Spaulding, 134 N. Y. S. 2d 895, 896; Szwarce v. Buenaventura, 82 N. Y. S. 2d 292, 293.)
Therefore the motions seeking to dismiss the second and third causes of action for legal insufficiency are denied but the alternative relief sought is granted to the extent of requiring plaintiff to serve a third amended complaint making the second and third causes of action more definite and certain as aforesaid; otherwise denied. The third amended complaint may be served within 20 days after the service upon plaintiff’s attorney of a copy of the order to be entered herein, with notice of entry thereof.
Settle orders on notice in accordance with the foregoing.