■ HYMAN KAPLAN, Respondent, v. K. GINSBURG, INC., et al., Appellants.— Appeal by the corporate defendant and by the defendants Ginsburg and Berg from an order denying their motion to dismiss the first and second causes of action in the third amended complaint for insufficiency. Appeal by defendant Seidenberg from an order denying his motion to dismiss the first cause of action in the third amended complaint for insufficiency and to dismiss the third cause of action in the said complaint as barred by the one-year Statute of Limitations. Orders modified by granting the motions to dismiss the first cause of action as insufficient. As so modified, orders affirmed, without costs. The first cause of action does not sufficiently allege a prima facie tort. Although special damage is alleged, it is our opinion that (a) the allegations with respect to Seidenberg's oral statements may constitute a cause of action in slander and Ginsburg's written statements may constitute a cause of action in libel, (b) Seidenberg's plea of the Fifth Amendment does not give rise to a cause of action for damages, and (c) the failure to examine plaintiff thoroughly in the bankruptcy proceeding is not actionable. The second cause of action sufficiently alleges slander per se. The words allegedly spoken charge plaintiff with larceny. The third cause of action is not barred by the one-year Statute of Limitations because the allegations in the third amended complaint are merely an expansion or amplification of the allegations in the original complaint. The original complaint was served within one year after the words were allegedly spoken. (See *Kaplan* v. *K. Ginsburg, Inc.*, 7 Misc 2d 136, 7 Misc 2d 278, 8 Misc 2d 724, 14 Misc 2d 356.) Beldock, Murphy, Ughetta and Hallinan, JJ., concur; Nolan, P. J., concurs, being of the opinion that the first cause of action is insufficient as a pleading not only because it alleges, as constituting a prima facie tort, acts which fall within the fields of traditional causes of action in tort, although some of the essential allegations thereof may be missing (cf. *Glaser* v. *Kaplan*, 5 A D 2d 829), and some of the statements complained of would be privileged if alleged in an action to recover damages for defamation, but also because the allegations of the first cause of action attempted to be pleaded in paragraph 14 thereof are entirely conclusory (cf. *Kalmanash* v. *Smith*, 291 N. Y. 142, 154).

■ ISADOR KATZOWITZ, Respondent, v. JACOB SIDLER et al., Appellants — In an action for a declaratory judgment and for an injunction, and for other relief, the appeal is from (1) an order which, *inter alia,* granted a temporary injunction, (2) an order denying appellants' motion for judgment on the pleadings, and (3) an order granting respondent's motion for an examination of appellants before trial. Orders affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.