## GILLESPIE v. BYRNE.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

LIBEL AND SLANDER (§ 86*)—PLEADING.

An averment, in a complaint for slander, that the defendant publicly said to plaintiff, "You took something in your stocking every day this week," and "You ought to be ashamed of yourself, a woman of your age," without any innuendo or statement of extrinsic facts to show that an accusation of theft was intended, did not state a cause of action; the quoted words, standing alone, not importing a criminal charge.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 205–208; Dec. Dig. § 86.*]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Jennie Gillespie against Daniel Byrne. From an interlocutory judgment overruling demurrer to complaint, defendant appeals. Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Charles Goldzier, of New York City, for appellant.

Dennis F. O'Brien, of New York City, for respondent.

MILLER, J. The demurrer is for insufficiency. The important averment of the complaint is that:

"The defendant, in the presence and hearing of a number of persons, including Louis W. Marks, the employer of both plaintiff and defendant, maliciously charged plaintiff with the theft of such goods as would, if the accusation were true, amount to grand larceny, and maliciously spoke concerning the plaintiff the false and defamatory words following, to wit: 'You took something in your stocking every day this week,' and 'You ought to be ashamed of yourself, a woman of your age.'"

The plaintiff claims that the words complained of were spoken concerning the plaintiff in her trade or calling. But there is no averment to that effect. While it is averred that the defendant charged the plaintiff with theft, that averment and the one of the particular words complained of are in the conjunctive, and it is not claimed that the former was intended as an innuendo. The question presented, therefore, is whether the bare averment of the speaking of the words quoted by the pleader, without any innuendo, or the statement of extrinsic facts to support it, is sufficient. That depends on whether the words themselves, standing alone, naturally import a criminal charge. We do not think they do. A woman might with propriety carry things in her stocking, for which some people might say she ought to be ashamed.

The interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to serve an amended complaint on payment of costs in this court and in the court below.

INGRAHAM, P. J., and CLARKE and DOWLING, JJ., concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J. (dissenting). The complaint shows that plaintiff was employed as forelady by a feather manufacturer, and had followed that line of employment for upwards of 20 years, and was well and favorably known therein; that the defendant worked for the same employer, and at the same place; and that the slanderous words were uttered in the presence of the employer and at his place of business, where they performed their services. In the light of these facts, I am of opinion that the fair import of the words constituted a criminal charge against the plaintiff affecting her in her vocation; but, if not, the allegation that plaintiff was charged with a theft should be deemed a sufficient innuendo with respect to the meaning of the words quoted.

I therefore dissent, and vote to affirm.