FRANK A. STEVENS, Respondent, *v.* HARRIETTE E. WHELAN, Appellant.

First Department, December 24, 1931.

*Nathan April* of counsel [*Louis H. Strouse,* attorney], for the appellant.

*F. Sidney Williams* of counsel [*Louis Hoffman* with him on the brief; *Bondy & Schloss,* attorneys], for the respondent.

O'MALLEY, J. The order appealed from sustains the plaintiff's first cause of action which is predicated upon slander. In substance its allegations are that the plaintiff and his wife are in the antique furniture business, and enjoy a good reputation; that the defendant delivered to the plaintiff a certain commode to be sold by him, and in the event of sale, to transfer the title by bill of sale; that pursuant to such authority the plaintiff did sell the

commode to Ginsberg & Levy, Inc.; thereafter the defendant maliciously and with intent that it be believed that the plaintiff was guilty of the crime of larceny, uttered and published concerning the plaintiff, to a person other than the plaintiff, the following false and defamatory words: " I gave permission for the commode to be sold at or about a certain price, the money to be deposited with the Bankers Trust Company but when I returned from Paris I found that the commode had been sold without my permission, that no money had been deposited with the Bankers Trust Company and that the house in which Mr. Stevens had previously lived had been torn down and that Mr. Stevens could not be located anywhere."

The innuendo alleges that the defendant thereby intended to charge that the plaintiff had committed the crime of larceny and that the words spoken were so understood by those who heard them.

We are of opinion that the alleged slanderous matter does not justify the innuendo. It is a well-settled rule that the latter may not enlarge the meaning of the words alleged to be slanderous. (*McDonald* v. *Press Publishing Co.*, 174 App. Div. 463; *O'Connell* v. *Press Publishing Co.*, 214 N. Y. 352.)

The cause of action is sought to be sustained on the ground that the utterance at least is one tending to injure plaintiff in his business, as it imputes to him trickery and violation of a duty. As we read the cause of action, however, it does not allege that the defendant charged the plaintiff with a dishonest method of conducting business. The specific allegation is that it was the intention of the defendant to charge the plaintiff with the crime of larceny. The pleading must be sustained upon this theory, if at all.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss be granted, with ten dollars costs, with leave to the plaintiff to plead over if he be so advised.

FINCH, P. J., McAVOY, MARTIN and TOWNLEY, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint if he be so advised upon payment of said costs.