JAMES COUNIAS, Administrator, etc., of MICHAEL COUNIAS, Deceased, Respondent, v. SARA C. THOMAS, Appellant, Impleaded with OSCAR O. OFFENBERG, INC., and Another, Defendants.

First Department, March 13, 1936.

*Philip F. Feinberg* of counsel [*Lurie & Feinberg*, attorneys], for the appellant.

*Charles J. McDonough* of counsel [*Safir & Kahn*, attorneys], for the respondent.

GLENNON, J. The question to be determined in this case is: Does the complaint set forth facts sufficient to constitute a cause of action?

Plaintiff's intestate, a boy twelve years of age, while playing in the appellant's building at 540 First avenue, borough of Manhattan, city of New York, near an elevator shaft, " was accidentally caused to fall and was precipitated down the said elevator shaft and sustained injuries which resulted in his death." It is claimed that for some time prior to the date of the accident, the premises of the appellant were vacant, and were not occupied by any person, firm or corporation; that the appellant and her agent carelessly and negligently permitted the premises to be left open and unlocked and permitted the elevator and elevator shaft in the building to be, and remain, unguarded without any railings or other safety devices, and " the same had become extremely dangerous to children of tender years, and the said premises had become dangerous to those children playing in and upon the aforesaid premises."

The gist of the action is summed up in the seventeenth paragraph of the complaint, which reads as follows:

" *Seventeenth.* That the defendants, their agents, servants and employees were careless and negligent in failing and neglecting to properly guard the aforesaid premises and to properly keep the person or persons in attendance upon the said premises so as to prevent an occurrence such as took place in the instant case, and the defendants, their agents, servants and employees were careless and negligent in that they failed to keep the doors and other openings throughout the building to the aforesaid premises locked so as to prevent children, including the said deceased Michael Counias, from playing upon the said premises, and in that they failed to discontinue the electric current used upon said premises during the period of time that the said premises were and remained vacant and uninhabited by tenants of the defendants herein, and in that they failed to discontinue the electric current used upon the elevator in the aforesaid premises so as to prevent the use of the same by children including the said Michael Counias, who were constantly in and upon the premises, and using the said elevator for the purpose of play and amusement, and the defendants, their agents, servants and employees were further careless and negligent in that they failed to prevent children of tender years, including the said Michael Counias, from coming in and upon the aforesaid premises and from using a dangerous appliance such as an elevator, and failed to have proper person or persons stationed in and upon the premises so as to prevent such visitations by children, including the said Michael Counias herein, and the defendants, their agents, servants and employees were otherwise negligent and careless in the premises which was the sole and proximate cause of the injuries to the plaintiff's said son, Michael Counias, which resulted in his death."

The appellant urges that from these allegations it was quite apparent that deceased was not an invitee or licensee, but merely a trespasser. We believe that the contentions of the appellant are well founded. In so far as the deceased was concerned, the only duty of the appellant was to refrain from inflicting intentional, wanton or willful injuries. In *Mendelowitz* v. *Neisner* (258 N. Y. 181) Judge CRANE said: " Where a person goes upon the premises of another without invitation, but simply as a bare licensee, and the owner of the property, passively, acquiesces in his coming, if an injury is sustained by reason of a mere defect in the premises, the owner is not liable for negligence; for such person has taken all the risk upon himself. Such is the law as expressed in *Fox* v. *Warner-Quinlan Asphalt Co.* (204 N. Y. 240, 243) and *Sterger* v. *Van Sicklen* (132 N. Y. 499). Toward mere trespassers or bare licensees the rule is well settled that the only duty owing to them by the owner or occupier of land is to abstain from inflicting intentional, wanton or willful injuries unless he maintains some hidden engine of destruction, such as spring guns or kindred devices, upon his property. (*Weitzmann* v. *Barber Asphalt Co.*, 190 N. Y. 452; *Birch* v. *City of New York*, 190 N. Y. 397.) "

We are inclined to the view that the plaintiff has failed to state a cause of action, and the complaint as to the appellant must be dismissed.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., McAvoy, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted.