ANNA B. REESE, Respondent, *v.* JULIA SPORT WEAR, INC., Doing Business as BERKELEY-SMITH, Appellant.

Third Department, July 2, 1940.

*Mackrell & Ranney* [*Charles J. Ranney* of counsel], for the appellant.

*Anthony P. Cioffi*, for the respondent.

BLISS, J. The complaint purports to set forth two causes of action, one for slander and the other for false imprisonment. The defendant has moved to dismiss both causes of action and the motion was denied as to each. The following facts appear from the complaint:

Plaintiff was employed by defendant in its store as a clerk and cashier. At the close of business the receipts for the day were checked and there was a shortage. Plaintiff and another employee who had also acted as cashier during that day, together with the president of the defendant, were the only ones who had access to the cash drawer and were responsible for the receipts. The president of the defendant in the presence of both of the young

ladies who had served as cashier that day and of other employees, said concerning the plaintiff: "How ridiculous it is to have a shortage; it is ridiculous. Something happened to that money because a shortage like that could not be explained any other way." And again: "Something is wrong with the books. We have checked every possible way to find out about the cash and we couldn't find out any possible way of how the money was gone."

By way of innuendo the plaintiff alleges that the defendant thereby accused plaintiff of having stolen or otherwise disposed of the missing moneys and thereby charged plaintiff with having either stolen the money or having falsified the sales records and that these statements were so understood by the others who heard them. There are no allegations of special damage.

Plaintiff stands upon the proposition that the quoted words were slanderous *per se* because they charge her with having stolen the money. We see in them no such reasonably possible construction. Here was an employer addressing employees who had charge of the daily receipts which had been found to be short. To say that it was ridiculous to have a shortage surely was a fair comment on his part. That something had happened to the money was obvious especially when the books had been checked and they furnished no explanation of the disappearance of the money. If, as plaintiff contends, the words were slanderous, then both employees were being accused and might take umbrage thereat. The innuendo adds no strength to plaintiff's contention. Under these circumstances this cause of action should have been dismissed. (*Stevens* v. *Whelan*, 234 App. Div. 118; *Gillespie* v. *Byrne*, 151 id. 703; *Harcourt* v. *Harrison*, 1 N. Y. Super. Ct. 474.)

As to the false imprisonment, plaintiff alleges that on the occasion referred to in the first cause of action, after business hours she was not permitted to leave the store, although her duties as an employee had terminated, and that the doors of the store were locked. We find here a sufficient allegation of an unlawful detention to sustain a cause of action. (*Stevens* v. *O'Neill*, 51 App. Div. 364; affd., 169 N. Y. 375.)

The order appealed from should be reversed on the law in so far as it denies the motion to dismiss the first cause of action, and the motion should be granted as to that cause of action, and the order should be affirmed as to the second cause of action, without costs.

Hill, P. J., Crapser, Heffernan and Foster, JJ., concur.

Order reversed on the law in so far as it denies the motion to dismiss the first cause of action, and motion granted as to that cause of action, and order affirmed as to the second cause of action, without costs.