M. Henry Martuscello, J.
Two motions are directed against the third amended complaint herein. K. Ginsburg, Inc., the corporate defendant herein, and the individual defendants Ginsburg move to dismiss the first and second causes thereof, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, on the ground that the facts therein stated are insufficient to constitute a cause of action. Defendant Seidenberg likewise moves to dismiss the first cause of action, pursuant to the aforesaid subdivision 4 of rule 106 and to dismiss the third cause of action pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice, on the ground that it is barred by the Statute of Limitations (Civ. Prac. Act, § 51, subd. 3).
The original complaint sets forth a single cause of action and on motion of all defendants was dismissed by Mr. Justice Hart as insufficient to state an action either for a prima facie tort or for slander, as was the purport thereof (7 Misc 2d 136).
Leave therefor having been granted, plaintiff served an amended complaint setting forth three causes of action, the first for a prima facie tort against all defendants, the second for slander against the defendant Ginsburg, and the third, also for slander, against the defendant Seidenberg. On motion before Mr. Justice Friedman, the first cause of action was dismissed for insufficiency, with leave to plead over; the second and third causes of action were not dismissed, but the plaintiff was directed to serve a second amended complaint making said causes of action more definite and certain (7 Misc 2d 278).
In the second amended complaint served herein, plaintiff, having revised the allegations previously set forth in support thereof, repleaded the afore-mentioned three causes of action, as above stated. Mr. Justice Schwartzwald denied motions made by the defendants to dismiss said complaint for insufficiency, but granted alternative relief sought by them by direct *358 ing plaintiff to serve a third amended complaint making the slander actions more definite and certain by specifying further the time and place of the publication of the slanderous statements therein alleged (8 Misc 2d 724).
The complaint under attack is basically a replica of the second amended complaint; and plaintiff therefore argues that its sufficiency cannot be questioned at this time on the ground that the aforesaid determination of Mr. Justice S oh wartz wald is the law of the case with respect thereto, since no appeal was taken in connection with said determination.
Although no case has been found where the question thus presented has been directly raised and passed upon, I believe that the answer thereto is to be found in those cases which treat of the office of an amended pleading. It is well established that when an amended pleading is served, it takes the place of the original pleading and the action proceeds as though the original pleading had never been served. Such original pleading, under the circumstances, forms no part of the record and does not set forth the issues which are involved (New York Wire Co. v. Westing house Elec. & Mfg. Co., 85 Hun 269, cited in Millard v. Delaware, Lackawanna & Western R. R. Co., 204 App. Div. 80, 82). Accordingly, any appeal taken by the defendants would have proved unavailing as a remedy since the service of the instant complaint would have necessitated the dismissal thereof as same would thereupon involve a nonexistent pleading. The only remedy of the defendants, therefore, would be to move with respect to the superseding complaint. (Waterman v. Marpet, 281 App. Div. 896; Gilchrist House v. Guaranteed Title & Mtge. Co., 276 App. Div. 778; Millard v. Delaware, Lackawanna & Western R. R. Co., supra.) I must, therefore, hold that the determination of Mr. Justice Sch wartz wald, while of academic value, does not control the disposition of the motions herein.
Turning now to the merits of the complaint, I find that the substance of the first cause of action herein is as follows:
It is alleged that the individual defendants G-insburg dominated and controlled the corporate defendant G-insburg; and that said corporate defendant and defendant Seidenberg were engaged in the imitation stone business and had engaged in transactions whereby they exchanged merchandise in which they dealt; and that the plaintiff was employed by the corporate defendant Ginsburg and for almost all of his adult life was engaged as an employee in the imitation stone business, which was Ms only means of livelihood, and that he had earned therein a good reputation.
*359 It is further alleged that an involuntary petition in bankruptcy was filed against Seidenberg and that he was duly adjudicated a bankrupt; and that in the bankruptcy proceedings his creditors claimed that he had disposed of assets with intent to defraud them and that he, with like intent, and the corporate defendant Grinsburg had, with respect to the afore-mentioned exchange-transactions, either made false entries or no entries in their respective books.
Plaintiff also alleged that the defendants conspired to “ intentionally harm and injure plaintiff by destroying his then and potential future association with the imitation stone business ’ ’; and that pursuant to said conspiracy the defendants caused Seidenberg to state at a meeting of his• creditors in connection with the aforesaid proceedings that he and the plaintiff had engaged in transactions whereby the corporate defendant’s merchandise was delivered to the defendant Seidenberg on payment in currency to plaintiff for his own account; and that they caused the corporate defendant Ginsburg to state in said proceeding that Seidenberg sold said stones below cost and that the plaintiff denied engaging in such transactions; and that they caused an order to be entered in said proceedings for plaintiff’s examination and in pursuance thereof subjected plaintiff to a casual and superficial examination; and that they caused defendant Seidenberg to plead the Fifth Amendment when questioned at a creditors’ meeting about the aforesaid exchange transactions; and that they caused plaintiff to be discharged from his employment with the corporate defendant.
It is then alleged that the defendants knew that the acts referred to would be publicized and would create the impression in the imitation stone business that plaintiff had sold the corporate defendant’s merchandise for his own account and had cooperated with defendant Seidenberg in defrauding the latter’s creditors as well as the creditors of said corporate defendant and that plaintiff was entirely lacking in honesty and integrity and should be shunned; and that the defendants actually accomplished their sole purpose of injuring plaintiff’s reputation and his open access to persons in the industry and thereby completely destroyed his then and future associations with said industry, and that as a result thereof he was permanently prevented from earning a livelihood therein.
Finally, it is alleged that plaintiff had an average income of $10,000 annually and that his prospective earnings in the business would have been at least an average in the same amount, but for the defendants’ alleged acts, resulting to his damage in the sum of $150,000.
*360 The foregoing allegations are incorporated by reference in the slander actions herein. The second cause of action against defendants Ginsberg is based on the following allegedly false and defamatory words: 6 ‘ He [meaning plaintiff] removed merchandise [meaning imitation stones] of our [meaning corporate defendant] business and delivered such merchandise to Seidenberg [meaning defendant Seidenberg] who gave him [meaning plaintiff] cash [meaning currency] for such merchandise and we [meaning corporate defendant and defendants Ginsburg] knew nothing about this. ’ ’
The third cause of action" against defendant Seidenberg is predicated on the following allegedly false statement: “ He [meaning plaintiff] delivered merchandise [meaning imitation stones] from Ginsburg [meaning corporate defendant] to me [meaning defendant Seidenberg] and I [meaning defendant Seidenberg] gave him [meaning plaintiff] cash [meaning currency] which he [meaning plaintiff] pocketed for himself [meaning plaintiff]. ’ ’
Both causes of action allege general damages, but no special damages.
In urging the dismissal of this complaint on its merits, defendants contend: (1) that the first cause of action is based on virtually the same allegations as were set forth in the original and first amended complaint, and, as was previously held with respect thereto, said allegations are insufficient to spell out a prima facie tort since it is apparent from the entire complaint that the traditional action of slander is the appropriate remedy for redress of plaintiff’s alleged damages and not an action for a prima facie tort; and (2) that neither of the alleged slanderous statements set forth in the second and third causes of action, on authority of established law controlling thereon, constitutes slander.
The intentional infliction of temporal harm resulting in damages, without excuse or justification by an act or series of acts which would otherwise be lawful and for which a remedy is not afforded by any traditional tort action, is actionable as a prima facie tort. Since it is in effect an action on the case designed to supplement and not supplant classic tort categories, a prima facie tort may not be predicated on facts that fit into a recognized common-law action. (Brandt v. Winchell, 283 App. Div. 338, 342; Ruza v. Ruza, 286 App. Div. 767, 1 A D 2d 669; Knapp Engraving Co. v. Keystone Photo Engraving Corp., 1A D 2d 170,172.)
The first cause of action alleges no recognized tortious act appropriate to a traditional remedy. Subdivisions a and b of *361 paragraph 14 thereof [italicized above] set forth the tenor of statements which might appear to be slanderous, but, which, if pleaded in Tubc verba, would not constitute slander. (Cf. Stevens v. Whelan, 234 App. Div. 118; Gillespie v. Byrne, 151 App. Div. 703.) In contradistinction thereto the original complaint alleged defamatory statements, which were not set forth verbatim as required in a defamation action; and as was pointed out by Mr. Justice Hart in his opinion (7 Misc 2d 136, supra) the allegation of a specific tort not in accordance with the pleading requirements of its traditional remedy will not sustain a prima facie tort, but requires that the injured party seek redress of his grievances through the medium of the appropriate action therefor.
The allegations of the related slander actions herein do not defeat the first cause of action as the stringent rule of pleading with respect to a prima facie tort requires that any recognized tortious wrong be pleaded as a separate cause of action. (See Brandt v. Winchell, 283 App. Div. 338, supra.)
I find that the special damages required for said action are adequately pleaded. This necessary element was lacking in the first amended complaint passed upon by Mr. Justice Friedman.
Diving the allegations of said cause of action the benefit of all favorable inferences, I find that it states sufficient facts to bring it within the theoretical construct of prima facie tort. (Cf. Al Raschid v. News Syndicate, 265 N. Y. 1, 4.)
With respect to their contention that the statements contained in the second and third causes of action are not slanderous, defendants rely upon Stevens v. Whelan and Gillespie v. Byrne, cited above in connection with paragraph 14 of the first cause of action. It should be pointed out at this time that the allegations contained in said paragraph are materially different from the statements set forth in the slander actions. In the cited cases, the statements involved therein, as pleaded, did not justify an innuendo of slander without enlarging upon the ordinary meaning of the words in question, which is not permitted in a defamation action. It is to be noted that in the Gillespie case there was a strong dissent holding the critical words thereof actionable. Here, however, the situation is different, as the statements, in the light of all the allegations in connection therewith, clearly import that the plaintiff had committed larceny and therefore constituted slander per se and required no pleading of special damages.
The defendant Seidenberg further contends that the third cause of action for slander alleged against him is barred by the Statute of Limitations. I find this contention to be without merit *362 since the cause of action presently pleaded is but a mere expansion or amplification of part of the original complaint which embraced (although inadequately) charges of slander and which was served in September, 1956, at which time the one-year Statute of Limitations (Civ. Prac. Act, § 51, subd. 3) had not run.
Where, as here, the amendment amplified or expanded what was alleged in the cause of action originally pleaded, the amendment relates back to the commencement of the action and is not affected by the intervening lapse of time (Scott v. Allen, 41 N. Y. S. 2d 241, affd. 267 App. Div. 766; Harris v. Tarns, 258 N. Y. 229).
Motions are denied in all respects. Settle orders on notice.