Miles F. McDonald, J.
Motion for an order pursuant to rule 112 of the Buies of Civil Practice for judgment on the pleadings in favor of defendant and dismissing the plaintiffs’ amended complaint on the grounds that said complaint does not state facts sufficient to constitute a cause of action, granted.
As the complaint now under attack is an amended complaint it must'be considered de novo and the previous determination with respect to the plaintiff’s status does not constitute the law of the case, it being “well established that when an amended pleading is served, it takes the place of the original pleading and the action proceeds as though the original pleading had never been served. Such original pleading, under the circumstances, forms no part of the record and does not set forth the issues which are involved”. (Kaplan v. Ginsburg, Inc., 14 Misc 2d 356, 358.)
The plaintiff’s intestate, a nine-year-old infant, met his death on November 16, 1956 when he fell from a fire-escape ladder leading to the roof of the defendant’s premises at 38 Meserole Street, in the County of Kings, it being alleged that the said fall was caused by reason of the negligence of the defendant in maintaining said building and the fire escapes and more particularly the ladder leading from the top story to the roof of the said building and the appurtenances thereof in a dangerous and defective condition.
The right of the plaintiff’s intestate to be upon the said premises is based upon allegations in the complaint to the effect ‘ ‘ that for a long time prior to the said Sixteenth day of November 1956 children including this plaintiff congregated and played on said roof and were permitted to go thereon for such purposes.” At the time of the accident and for sometime prior thereto said premises were untenanted. The complaint further alleges that the defendant 1 ‘ failed to abate or prevent the use of various portions of said roof by the said children as aforesaid up to and including the said Sixteenth day of November 1956.” Based upon these allegations the plaintiff contends the status of the plaintiff’s intestate was that of an invitee and that as such, the defendant owed him a legal duty to maintain the premises in a reasonably safe condition, which duty it is alleged the defendant breached.
*1015 The defendant on the other hand contends that the infant plaintiff was a trespasser or at best a bare licensee to whom he owed no legal duty except to abstain from inflicting intentional, wanton or willful injuries.
In order that there might be actionable negligence there must be some legal duty or obligation on the part of the person against whom the claim of negligence is made (Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339).
While the problem presented here is not novel it is nevertheless perplexing. “ There is no branch of the law of torts which has given rise to more difficulty than that concerned with the infant licensee or trespasser.” (N. Y. L. J., Feb. 21, 1956, p. 4, col. 2, Selected Notes from London Quarterly Review.)
One who enters upon premises of another without invitation, without right, and solely for his own benefit is generally considered a trespasser or at best a mere licensee. In Black’s Law Dictionary (3d ed., 1944) a licensee is defined as “ a person who is neither a passenger, servant nor trespasser, and does not stand in any contractual relationship with the owner of premises, and who is permitted to go thereon for his own interest, convenience and gratification.” A trespasser is defined generally as a person who enters upon the premises of another without invitation, express or implied, and does so out of curiosity or for his own purpose or convenience and not in the performance of any duty to the owner.
The responsibility of the owner of property to a trespasser or to a licensee is substantially the same, and to such a person the owner owes no duty except to refrain from inflicting intentional, wanton or willful injury. If injury is sustained by reason of a mere defect in the premises there is no liability. When such a person enters upon the premises, he accepts them as he finds them, and the owner is not liable for injuries sustained by reason of the owner’s passive failure on his part to keep the premises in good repair (Mendelowitz v. Neisner, 258 N. Y. 181).
The status of a person going upon the land of another is determined essentially by his purpose in going upon the land. One who enters upon the land at the express invitation of those lawfully upon the premises and who confers a benefit upon the owner is an invitee. Such person is frequently referred to as a business invitee in contradistinction to a social guest. The line of demarcation between a licensee and a trespasser is difficult to draw and is essentially determined upon the facts and circumstances of each ease.
*1016 There is no allegation in the complaint that the defendant expressly invited children including the deceased to enter upon his premises for the purpose of permitting them to play thereon or that the defendant derived any benefit therefrom. The complaint merely alleges that for a long time prior to the date of the accident, children, including the plaintiff, congregated and played on the roof and were permitted to go there for such purpose. From this, the court is asked to conclude, that the plaintiff’s intestate was an invitee. The law in this State, however, is to the contrary. “Where a person goes upon the premises of another without invitation, but simply as a bare licensee, and the owner of the property, passively, acquiesces in his coming * * * the owner is not liable for negligence; for such person has taken all the risk upon himself.” (Mendelowitz v. Neisner, supra, p. 184.)
Recently, the Appellate Division of this Department, in Soto v. City of New York (9 A D 2d 961, 962) affirmed the order of Mr. Justice Brown of this court when he dismissed the complaint upon the opening statement of counsel under almost identical statement of facts, the court holding: “ To a licensee, present on the roof for his own purposes, in an area not set aside for the common use of tenants as an adjunct of their demised premises, an owner is subject to no liability for his acquiescence in the use of the roof and his passive failure to keep the roof in repair * * * Such a user assumes the risk of the existing conditions when, as at bar, they eventuated from decay or mere failure to repair, there being no elements of affirmative negligence or creation of deceptive traps for the unwary on the owner’s part”. (See, also, Vaughan v. Transit Development Co., 222 N. Y. 79; Nicoletti v. General Linen Supply Laundry Co., 109 N. Y. S. 2d 474, affd. 285 App. Div. 957. So also, in Gallagher v. Fordham & Loring Corp., 13 N. Y. S. 2d 322 and Simmons v. Poughkeepsie Sav. Bank, 255 App. Div. 887.)
Plaintiff seeks to recover upon what appears to be a thinly disguised theory of attractive nuisance basing his claim upon the decisions in Collentine v. City of New York (279 N. Y. 119); Bowers v. City Bank Farmers Trust Co. (282 N. Y. 442); Mayer v. Temple Props. (307 N. Y. 559) and Runkel v. City of New York (282 App. Div. 173). Each of these cases is clearly distinguishable.
In the Gollentme case, the accident occurred in a public park and although the immediate location of the accident Avas not in a part of the park used as a children’s playground, it was immediately adjacent thereto. The evidence indicated that *1017 there was no line of demarcation between the playground proper, and there was nothing to indicate that the building and its top surface did not constitute a part of the park facilities available to anyone who might desire to use it. Under such circumstances the plaintiff could not be classed as a bare licensee or trespasser.
In the Bowers case, the plaintiff was a social visitor of a tenant in the building in which the accident occurred and as such visitor had the same rights as her host, and as such, was within the class of a tenant.
In Mayer v. Temple Props, (supra) the defendant covered a hole 55 feet deep with a frail wooden covering which could not sustain the weight of a 12-year-old boy. The court held the defendants liable whether the decedent was regarded as a bare licensee or trespasser because it found that the injuries resulted due to a dangerous instrumentality in the nature of a perilous trap affirmatively and knowingly created by the defendants which may be said to be caused by a wanton, intentional or inhuman act.
In Mayer v. Temple Props, (supra) the court pointed out the distinction in Mendelowitz v. Neisner (supra) and Carbone v. Mackchil Realty Corp. (296 N. Y. 154) and Basmajian v. Board of Educ. (211 App. Div. 347) in that in those cases there were no acts of affirmative negligence nor deceptive traps created by the defendant.
In Mayer v. Temple Props, (supra, p. 563) the court restated the doctrine in Walsh v. Fitchburg R. R. Co. (145 N. Y. 301) and reiterated in Morse v. Buffalo Tank Corp. (280 N. Y. 110, 115) “ ‘ that the so-called doctrine of attractive nuisance does not apply in New York, and that the only duty which an owner of land owes to a trespasser or bare licensee is to abstain from affirmative acts of negligence or not to injure intentionally such person.’ ”
In Runkel v. City of New York (supra) some 50 days before the building collapsed, the City Building Inspector examined the building, found that it was in imminent danger of collapse and recommended that it be made secure or demolished at once; that thereafter a formal notice had been directed to the owner requiring the demolition of the building. In reversing the trial court’s dismissal of the complaint on the opening statement, the Appellate Division stated at page 176: “ (3) An abandoned open structure which is so rotted and dilapidated that it is in imminent danger of collapse may be said to constitute a trap or an ‘ inherently dangerous ’ instrumentality which is in the same class as an explosive substance, inflammable material, a live electric wire or a spring gun. Injury sustained by *1018 any person, even though he be a trespasser, due to such an inherently dangerous instrumentality, may be said to have been caused by the wanton or intentional or inhuman act of the one responsible for its existence or its removal and will cast him in liability, provided: (a) that care ‘ commensurate with the risk involved ’ has not been taken to guard against the injury; and (b) that the accident for ‘ foreseeable ’ — as it was here because of the structure’s proximity to the public highway.”
There is no allegation in the complaint in the case at bar, as in Runkel v. City of New York (supra) from which an inference may be drawn that the structure was of such an inherent dangerous character or a public nuisance. Nor is it alleged in the complaint that the defendant in permitting such structure to be maintained violated a mandatory duty imposed upon him by statute to abate it as in the case of Runkel v. City of New York (supra). Nor are there any allegations from which it may fairly be inferred that the defendant owner committed an act or acts of affirmative negligence or that there were deceptive traps or dangerous instrumentalities created by him which may be said to have been caused by his wanton or intentional or inhuman act.
Similarly, in Keenan v. Lawyers Mtge. Co. (254 App. Div. 348) the court stated at page 351: “ the decisions in this State have established a distinction between nuisances attractive to children, situated in a public thoroughfare, for which those who create them will be liable (McCloskey v. Buckley, 223 N. Y. 187; Boylhart v. Di Marco & Reimann, Inc., 270 id. 217), and structures, though dangerous, situated on private property for which die owner is not liable whether the trespassers be adults or children. (Walsh v. Fitchburg R. R. Co., 145 N. Y. 301; Fox v. Warner-Quinlan Asphalt Co., 204 id. 240.) We have been referred to no decision in this State which makes the owner’s liability depend upon the proximity of the structure to the highway. Premises adjacent to the highway are the property of the owner as fully as those parts which are more remote'. Persons who trespass upon one part of' his property assume the same risk as those who trespass upon other parts. The decisive element is not the degree of proximity to the highway, but the fact that the owner of private property, wherever situated, is under no obligation to exercise vigilance in maintaining it for the benefit of trespassers or for the benefit of those who, even with his acquiescence, use it for their own advantage or recreation.” (See, also, Counias v. Thomas, 247 App. Div. 117; Serapiglia v. Santini Bros., 306 N. Y. 877.)
*1019 Giving the plaintiff every legitimate inference to be drawn from the allegations of the complaint, the court is forced to conclude that the infant plaintiff was at best a bare licensee, and upon entering the defendant’s premises, took the risk of its condition. The only duty in law imposed upon this defendant was to abstain from inflicting intentional, wanton or willful injuries. Nor was the defendant owner under a duty to warn the infant plaintiff of the alleged dangerous condition of the roof and ladder (Platnick v. Feldman, 285 App. Div. 1086). In the case at bar the ladder was not a hidden trap affirmatively created by the defendant.
The isolated quotations taken by the plaintiff from the decisions in Collentine v. City of New York (supra, p. 125) to wit: “ the well-known propensities of children to climb about and play ” and “ the propensity of children to roam and climb and play” do not give rise to a special rule of liability affecting children as distinguished from adults. It is fundamental that there must be some legal duty or obligation on the part of a person against whom the claim of negligence is made before liability will be imposed. A thorough research of the cases has not brought to our attention any distinction between children and adults where they are trespasser or licensee. (See Molnar v. Slattery Contr. Co., 8 A D 2d 95.) It is only in those cases where a legal duty or obligation on the part of the person against whom the claim of negligence is made comes into play (Palsgraf v. Long Is. R. R. Co., supra) that the jury in determining what would be reasonable care under the circumstances can take into consideration the propensities of children to roam, climb and play (Collentine v. City of New York, supra). In such cases the determination of reasonable care clearly depends upon all the surrounding circumstances and unquestionably the age of the one injured would be one of those circumstances.
In the instant case the accident did not occur in a public place (Collentine v. City of New York, supra). It was not the result of an affirmative act on the part of the defendant (Mayer v. Temple Props., supra), nor was the building in imminent danger of collapse that it may be said to have constituted a trap or an inherently dangerous instrumentality; nor was there a violation of a mandatory duty imposed upon the defendants by statute to abate it (Runkel v. City of New York, supra).
In the absence of all of the aforesaid circumstances, the plaintiff, despite his infancy, was a trespasser or bare licensee to whom the defendant owned no duty or responsibility except to refrain from inflicting intentional, wanton or willful injury. Settle order.