ELBA MENDEZ, as Administratrix of the Estate of ANGELO MENDEZ, Deceased, et al., Appellants, v. FRANKLYN GOROFF, Respondent.— In an action to recover damages for wrongful death, plaintiffs appeal: (a) from an order of the Supreme Court, Kings County, dated July 5, 1960, granting defendant's motion, pursuant to rule 112 of the Rules of Civil Practice, to dismiss the amended complaint, and directing the entry of judgment accordingly; and (b) from the judgment thereafter entered dismissing the complaint. Order and judgment affirmed, with $10 costs and disbursements. It appears that a nine and a half-year-old boy was playing in and about defendant's building, which was an uninhabited multiple dwelling. The boy fell while using a defective metal ladder which extended from the top story of the building to the roof. Under the allegations of the amended complaint it could not be proved that the boy was present on defendant's premises as an invitee (cf. *Soto* v. *City of New York*, 9 N Y 2d 683); nor that the premises were in such imminent danger of collapse as to constitute a trap; nor that defendant affirmatively created a dangerous condition equivalent to a spring gun, or the like (cf. *Runkel* v. *City of New York*, 282 App. Div. 173; 286 App. Div. 1101, affd. 3 N Y 2d 857; *Mayer* v. *Temple Props.*, 307 N. Y. 559). The amended complaint seeks to impose upon defendant a duty toward a trespasser of maintaining the premises in a reasonable state of repair (cf. *Mendelowitz* v. *Neisner*, 258 N. Y. 181; *Vaughan* v. *Transit Development Co.*, 222 N. Y. 79). Nolan, P. J., Ughetta and Kleinfeld, JJ., concur; Christ, J., dissents and votes to reverse the order, to vacate the judgment entered thereon, and to deny the motion, with the following memorandum: On a motion by a defendant for judgment on the pleadings, the allegations of the complaint, as amplified by plaintiff's bill of particulars, are assumed to be true (*Green* v. *Doniger*, 300 N. Y. 238, 241). If on any aspect of the pleaded facts plaintiff would be entitled to a recovery, the complaint should not be dismissed, and it should be liberally construed (*Curren* v. *O'Connor*, 304 N. Y. 515). Accordingly, the decision here must be premised on the following facts: For a long period of time prior to the time of the accident the tenement house in question, owned and controlled by defendant, was uninhabited, open and unguarded; various portions of it, including the fire escape ladder which led from the top floor to the roof, had been defective and in dangerous condition; the ladder itself was rusted, shaky, weakened so that it could not sustain the weight of a person, and some of its rungs were missing; and children, including plaintiffs' nine and a half-year-old decedent, "congregated and played" on the roof "and were permitted to go thereon for such purposes." The child fell from the ladder because of its said defective condition. Defendant knew of the defective condition of the premises "and of the use of the said roof by children for play and other purposes," but nevertheless failed to remedy the condition of the premises, permitted them to remain open and unguarded, and "failed to abate or prevent the use of various portions of said roof by the said children." The claim of negligence in this case should not be decided on the pleadings, without a trial. As was said in *Curren* v. *O'Connor* (304 N. Y. 515, 518, supra), "Plaintiff's evidence may not be pleaded", but plaintiffs "may be able, upon a trial * * * to submit evidence entitling them to recover". This case is distinguishable from those in which a building owner had no knowledge that children were exposed to the risk of a weakened

and dangerous structure, area or fixture. Here, the owner is assumed to have known of the danger and of the fact that children were exposing themselves to it in the course of their play on his property. The theory of this dissent should not be equated with the doctrine of attractive nuisance. I do not base my view on the theory merely that the uninhabited building was a place or an object to which children would be drawn. I base it on the fact that, for a long time prior to the date of the occurrence, defendant was aware of the dangerous condition and knew that the children were actually exposing themselves to such condition. Hence, I cannot subscribe to the view that defendant acted as a reasonably prudent person would have acted under these circumstances (cf. *Noreck* v. *Fronczak*, 294 N. Y. 751; *Collentine* v. *City of New York*, 279 N. Y. 119; *Bowers* v. *City Bank Farmers Trust Co.*, 282 N. Y. 442; *Runkel* v. *City of New York*, 282 App. Div. 173). Pette, J., not voting.