■ W.J. NOLAN & COMPANY, INC., et al., Appellants, v TIMOTHY E. DALY et al., Respondents.—Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered October 10, 1990, denying the petitioners' motion to stay arbitration and imposing sanctions on petitioners pursuant to part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR), unanimously modified, on the law and the facts, to vacate the imposition of sanctions, and otherwise affirmed, without costs.

Petitioner W.J. Nolan & Company, Inc., is a securities brokerage firm and a member of the New York Stock Exchange (NYSE). The individual petitioners are officers and directors of W.J. Nolan, and are registered with the NYSE, although not members. The respondents, also registered with the NYSE, were formerly employed by W.J. Nolan, and are shareholders of that firm. Respondents commenced an arbitration proceeding against the petitioners seeking an accounting and payment of allegedly overdue commissions, and to compel W.J. Nolan to repurchase the respondents' shares in that corporation.

Petitioners moved pursuant to CPLR 7503 (b) to stay arbitration at least with respect to the respondents' rights as shareholders. The Supreme Court refused to stay the arbitration and imposed $1,500 in sanctions against the petitioners on the ground that their petition was frivolous.

Article XI, § 1, of the NYSE Constitution provides: "Any controversy between parties who are members * * * and any controversy between a member * * * and any other person arising out of the business of such member * * * shall at the instance of any such party be submitted for arbitration".

NYSE rule 347 provides: "Any controversy between a registered representative and any member * * * arising out of the employment or termination of employment of such registered representative by and with such member * * * shall be settled by arbitration, at the instance of any such party".

Each of the individual parties has signed a "U-4" form wherein he agreed to arbitrate any dispute between himself and his firm that is required by the rules, constitution or by-laws of the organizations with which he registers, i.e. the NYSE.

The petitioners' arguments seeking to distinguish *Matter of Dunay v Weisglass* (54 NY2d 25) are without merit. While the Court of Appeals held that the controversy in that case was between members of the NYSE, the court held alternatively that even if the controversy were governed by the member-nonmember clause of the Exchange, the controversy was one " 'arising out of the business' " of a member (54 NY2d, *supra,* at 34). The respondents herein held shares in W.J. Nolan not as an ordinary investment vehicle, but rather at least in part to have some input in the management and control over W.J. Nolan. Petitioners also point out that in *Dunay* there was a shareholders agreement that contained an arbitration clause. However, the Court of Appeals declined to consider that clause in reaching its decision (54 NY2d, *supra,* at 30). We are of the view that in light of the broad arbitration provisions in the NYSE Constitution and Rules, and our policy favoring arbitration (54 NY2d, *supra,* at 32), that the dispute regarding the respondents' rights as shareholders of W.J. Nolan arises out of the business of W.J. Nolan, and also arises out of the employment or termination of employment of the respondents under NYSE rule 347.

While we affirm the order denying the petition to stay arbitration, we vacate the imposition of sanctions under 22 NYCRR part 130. That the petitioners sought arbitration of claims in a prior matter *(McLaughlin, Piven, Vogel v Nolan & Co.,* 114 AD2d 165, *lv denied* 67 NY2d 606) does not establish that petitioners knew the claims in the instant action are arbitrable. That case involved claims that employees of the plaintiff stock brokerage firm utilized confidential records, solicited accounts on their own behalf and converted customer lists, a controversy clearly arising out of the plaintiff's business and the defendants' employment (114 AD2d, *supra,* at 171-172). Although we find petitioners' argument unpersuasive, we do not find it to be so completely without merit as to be frivolous within the definition contained in 22 NYCRR 130-1.1 (c). *(Lewis v Stiles,* 158 AD2d 589.)* "In considering the imposition of sanctions the court must weigh the potential effect on inhibiting good-faith arguments to modify existing law. This traditional method of common-law jurisprudence is the means whereby courts can reexamine existing precedent in the light of changing circumstances." *(Matter of Winters v Gould,* 143 Misc 2d 44, 47.) Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Smith, JJ.

**ERNESTINE GREENE,** as Administratrix of the Estate of